J-S47024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMAL ABDUL RAHMAN | : | |
| | : | |
| Appellant | : | No. 543 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 5, 2019
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001760-2018

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                **FILED DECEMBER 03, 2019**

Appellant Jamal Abdul Rahman appeals from the judgement of sentence imposed following his guilty plea for knowing and intentional possession of a controlled substance and possession of drug paraphernalia.[1]  Appellant challenges whether he entered a knowing, voluntary, and intelligent plea.  For the reasons that follow, we quash the appeal as premature.

The relevant facts and procedural history are as follows:

On January 16, 2019, [Appellant] entered a guilty plea to possession of a controlled substance and possession of drug paraphernalia.[2]  The plea was entered pursuant to a [negotiated] plea agreement which called for all other charges to be *nol prossed*, and [Appellant] to receive concurrent sentences of [one] to [two] years [in a state correctional institution] on both the possession charge and the drug paraphernalia charge, and the

---

[1] 35 P.S. § 780-113(a)(16) and 35 P.S. § 780-113(a)(32).

[2] James Conville, Esq., represented Appellant at the plea hearing and remains counsel of record on appeal.

sentence in this case was to be served consecutive to the state sentence he was then serving on another case.

During the guilty plea colloquy, [Appellant] was correctly advised that the maximum sentences for both the possession charge and the drug paraphernalia charge were one year each. At the time of sentencing, the [Commonwealth] correctly pointed out that the plea agreement called for illegal sentences for both charges, since the agreed [upon] sentences would have exceeded the statutory maximum for each charge.[3]

The [Commonwealth] proposed amending the recommended sentence to [six] to [twelve] months [of imprisonment] on the possession charge and a concurrent [six] months' probation on the drug paraphernalia charge. This sentence was still to be imposed consecutively to the state sentence he was then serving.

[The trial court] explained to [Appellant] the changes that had been made to the plea agreement, which resulted in his new recommended sentence being for less time. [Appellant] responded, "That's good news"; and he was sentenced in accordance with the amended agreement.

On January 28, 2019, [Appellant] filed a *pro se* motion to modify sentence in which he asked the [trial c]ourt to modify his sentence to be served concurrently with his state sentence in the other case or to direct that this sentence be served in a state institution rather than the Schuylkill County Prison. In the alternative, he asked that his sentence be vacated and he be permitted to withdraw his plea.

[Appellant] was represented by court-appointed counsel at the time of his plea. When [the trial court] received [Appellant's *pro se*] motion to modify, [the trial court] failed to recognize that his counsel's representation was still active, and [the trial court] entered an order on February 1, 2019, vacating his sentence and allowing him to withdraw his plea.

On February 26, 2019, [Appellant] filed a *pro se* petition to vacate [the trial court's] order and to reinstate his plea. In that petition [Appellant] alleged that he had inadvertently included an

---

[3] The maximum sentence for a first conviction of simple possession or possession of paraphernalia is one year of imprisonment. 35 P.S. § 780-113(b), (i).

alternative request to withdraw his plea and that his original petition should have been forwarded to his counsel to avoid hybrid representation. [Appellant] was right that his original motion should have been forwarded to counsel, and so by order dated March 5, 2019, [the trial court] reinstated the original sentence.[4] Counsel was advised of his client's filings. [The trial court] anticipated that counsel would file a petition to withdraw the guilty plea on [Appellant]'s behalf or to modify the sentence, as [Appellant] was requesting.

Trial Ct. Op., 5/13/19, at 1-3.

On April 3, 2019, Appellant's counsel simultaneously filed a motion to modify sentence *nunc pro tunc* and a notice of appeal to this Court.[5] The trial court denied the motion to modify sentence on April 4, 2019, due to a lack of jurisdiction. That same day, the trial court ordered Appellant to submit a Pa.R.A.P. 1925(b) statement. Appellant timely complied and the trial court filed a Rule 1925(a) opinion. In its opinion, the trial court declined to address

_____

[4] The trial court's March 5, 2019 order stated:

> AND NOW, this 5th day of March, 2019, at 9:10 a.m., the order dated February 1, 2019, granting [Appellant]'s *pro se* petition to withdraw his guilty plea having been improvidently granted in response to a *pro se* petition while [Appellant] was represented by counsel, it is ORDERED that the order of February 1, 2019 is VACATED and the sentence imposed on January 16, 2019 is REINSTATED without modifications.

Order, 3/5/19.

[5] The post-sentence motion sought relief *nunc pro tunc*, explaining that counsel was not immediately aware of the issues surrounding the litigation of Appellant's *pro se* motion.

the merits of Appellant's claim, because it did not have an opportunity to receive testimony regarding the circumstances of the plea. *Id.* at 3.

Appellant raises the following question for our review:

1. Whether [Appellant] failed to enter a knowing, intelligent and voluntary plea of guilt when not being informed that [the] sentence imposed would not aggregate with his current state sentence he was serving?

Appellant's Brief at 3 (full capitalization omitted).

Appellant argues that the instant sentence should have aggregated with his state sentence from another case, such that he would serve the instant sentence in a state correctional institution. *Id.* at 10. Appellant concedes that he intended to plead guilty to the charges. *Id.* at 8. Appellant contends, however, that the trial court did not inform him that he would have to serve the instant sentence in county prison, and he became aware of this fact only after he received the sentencing order. *Id.* at 8-9. Appellant insists that he would not have pled guilty had he known that his sentence was to be served in county prison. *Id.* at 9. Based upon the foregoing, Appellant asserts that he entered an unknowing guilty plea. *Id.*

Preliminarily, we must evaluate whether we have jurisdiction over this appeal. "[S]ince the question of appealability implicates the jurisdiction of this Court, the issue may be raised by this Court *sua sponte*." ***Commonwealth v. Horn***, 172 A.3d 1133, 1135 (Pa. Super. 2017) (citation and internal alterations omitted). "[T]he final, appealable order for a defendant's direct appeal in a criminal case is the judgment of sentence, not

- 4 -

the conviction." ***Commonwealth v. Claffey***, 80 A.3d 780, 782-83 (Pa. Super. 2013) (citation omitted). If a defendant files a timely post-sentence motion, then the notice of appeal must generally be filed within thirty days of the entry of the order deciding the motion. Pa.R.Crim.P. 720(A)(2). "No direct appeal may be taken by a defendant while his or her post-sentence motion is pending." Pa.R.Crim.P. 720 cmt. (citation omitted).

"[A] post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met." ***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citation omitted).

> First, within [thirty] days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*. The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. Second, the trial court must **expressly permit** the filing of a post-sentence motion *nunc pro tunc*, also within [thirty] days of imposition of sentence. If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended. Moreover, [t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief.

***Id.*** (emphasis in original, citations and quotation marks omitted).

It is well settled that a criminal defendant is not permitted engage in hybrid representation by submitting *pro se* filings while represented by counsel. ***Commonwealth v. Willis***, 29 A.3d 393, 400 (Pa. Super. 2011). A *pro se* filing submitted by a counseled defendant is a legal nullity. ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007). "When a counseled defendant files a *pro se* document, it is noted on the docket and

forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." ***Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016).

Instantly, the trial court sentenced Appellant on January 16, 2019. Appellant had until January 28, 2019 to file a timely post-sentence motion. ***See*** Pa.R.Crim.P. 720(A)(1); ***see also*** 1 Pa.C.S. § 1908. Appellant, acting *pro se*, submitted a timely post-sentence motion to the trial court. However, Appellant was still represented by counsel. Accordingly, Appellant's *pro se* filing constituted hybrid representation and was a legal nullity. ***See Nischan***, 982 A.2d at 355.

Initially, the trial court granted Appellant's *pro se* motion and scheduled a hearing on the matter. Prior to the hearing, the trial court discovered that the *pro se* filing should have been forwarded to Appellant's counsel. ***See Williams***, 151 A.3d at 623. Subsequently, the trial court entered the March 5, 2019 order vacating its prior order and reinstating Appellant's judgment of sentence.

In reinstating Appellant's sentence, the trial court expected Appellant, through counsel, to file a new post-sentence motion. ***See*** Trial Ct. Op. at 3. However, the trial court's order did not expressly grant Appellant permission to submit a post-sentence motion *nunc pro tunc*. ***See Capaldi***, 112 A.3d at 1244. On April 3, 2019, Appellant's counsel simultaneously filed a motion to modify sentence *nunc pro tunc* and a notice of appeal. Although the trial court subsequently denied Appellant's motion to modify sentence *nunc pro tunc*,

that order is of no consequence because Appellant's notice of appeal divested the trial court of jurisdiction. ***See generally*** Pa.R.A.P. 1701.

Significantly, Appellant's post-sentence motion *nunc pro tunc* remains pending. Because the entry of an appropriate order is a prerequisite to this Court's exercise of jurisdiction, we conclude Appellant's notice of appeal was premature. ***See*** Pa.R.Crim.P. 720(A)(2)(a) & cmt.; ***Claffey***, 80 A.3d at 782-83. Therefore, we are constrained to quash this appeal. Upon remand, the trial court should consider the merits of Appellant's motion to modify sentence *nunc pro tunc*. ***See Commonwealth v. Borrero***, 692 A.2d 158, 161 (Pa. Super. 1997) (quashing the appellant's premature appeal and explaining that the interests of justice required the trial court to consider the post-sentence motions on remand, *nunc pro tunc*).

Appeal quashed. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/03/2019

- 7 -