J-S53044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSE SHABARA | : | |
| | : | |
| Appellant | : | No. 1185 EDA 2019 |

Appeal from the Order Entered March 25, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004065-2016

BEFORE:  OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JANUARY 22, 2020**

Appellant Jose Shabara appeals *pro se* from the order denying his motion for reconsideration of his request for time credit.  For the reasons that follow, we quash.

On October 26, 2016, Appellant was charged with theft and related offenses in the instant case after he stole cash from a Piercing Pagoda inside the Coventry Mall.  At the time of his arrest, Appellant was on parole on a 2007 case in Philadelphia County.[1]  **See** Docket No. 7662-2007.

On May 24, 2017, Appellant, who was represented by counsel, entered a negotiated guilty plea to criminal trespass and criminal attempt—theft by

_____

[1] The record contains a sentence status summary from the Pennsylvania Department of Corrections (DOC), which indicates that Appellant was on parole for the case at Docket No. 7662-2007 at the time of his sentencing.

unlawful taking.[2]  Appellant executed a written guilty plea colloquy in which he acknowledged that no promises were made to him beyond the terms of his negotiated plea.  **See** Written Guilty Plea Colloquy, Docket No. 4065-2016, at 6.  Specifically, Appellant agreed to a negotiated sentence of two to five years' incarceration plus one year of probation for criminal trespass and a consecutive term of three years' probation for theft.  **Id.** at 3.  The plea agreement did not reference Appellant's probation violation and did not indicate that his new sentence would run concurrent to any backtime.  At the plea hearing, counsel explained to the trial court that Appellant had a violation in New Jersey[3] that would add "probably another year, year and a half" to his sentence, but noted that "[t]he Commonwealth took that into consideration."  **See** N.T. Sentencing Hr'g, 5/24/17, at 10.  Ultimately, the trial court imposed the agreed-upon sentence and ordered credit for time served.[4]  Appellant did not file timely post-sentence motions or take a direct appeal.

On November 17, 2017, the trial court docketed Appellant's first *pro se* filing.  Appellant asked the trial court to modify his negotiated sentence in the instant case to run concurrent with his backtime at Docket No. 7662-2007.

_____

[2] 18 Pa.C.S. §§ 3503(a)(1)(i), 901(a), and 3925(a), respectively.

[3] Counsel correctly indicated that Appellant was on parole and subject to backtime.  However, counsel incorrectly stated that Appellant was on parole from a New Jersey case, rather than the parole sentence at Docket No. 7662-2007.

[4] The record indicates that Appellant did not satisfy bail and remained in custody pending the disposition of his new charges.

*See* Mot. for Modification of Sentence, 11/17/17. That same day, the trial court denied Appellant's request and indicated that Appellant was "serving a state sentence over which [the trial court] no longer [had] jurisdiction." *See* Order Denying Mot. for Modification, 11/17/17, at 1.

On February 5, 2019, the trial court docketed Appellant's second *pro se* filing. Appellant claimed that the Pennsylvania Department of Corrections (DOC) failed to give him "the time credit that [the trial court] ordered to run concurrent with [Appellant's] state parole time." Case Correspondence re: Time Credit, 2/5/19. He requested that the trial court order the DOC to apply his time credit to his state parole backtime. *See id.* On February 7, 2019, the trial court denied Appellant's request, stating that it did not have jurisdiction over the DOC or the Pennsylvania Board of Probation and Parole. *See* Order Re: Credit for Time, 2/7/19.

On March 8, 2019, the trial court docketed Appellant's third *pro se* filing. Appellant asked the trial court to reconsider his previous request for an order relating to his time credit. *See* Req. for Recons., 3/8/19. Appellant argued that the DOC had improperly stopped the time of his judicially imposed sentence, and that his credit for time served "should be running" with his backtime. *Id.*

The trial court denied Appellant's motion on March 25, 2019. *See* Order Denying Req. for Recons., 3/25/19.

On April 15, 2019, the trial court docketed Appellant's *pro se* notice of appeal. On April 18, 2019, the trial court ordered Appellant to file a Pa.R.A.P.

1925(b) statement, and Appellant timely complied.[5]  On May 16, 2019, the trial court issued an order in lieu of a Rule 1925(a) opinion.  The trial court stated that "[b]ecause the March 25, 2019 order denying reconsideration is not reviewable, the Superior Court lacks jurisdiction to consider it.  As such, [Appellant's] appeal from the denial of reconsideration must be quashed."  **See** Trial Ct. Order in Lieu of 1925(a) Op., 5/16/19, at 1.

On appeal, Appellant raises two issues.[6]  First, Appellant argues that the trial court should have treated his first *pro se* filing as a motion to modify his sentence *nunc pro tunc*.  Appellant's Brief at 12.  Appellant claims that he "expressed facts that would lead [the trial court] to infer [that] he felt he did not get the benefit of his negotiated plea bargain."  **Id.**  Specifically, he asserts that his plea agreement provided "that his new sentence would run concurrent[] with his backtime."  **Id.** at 7.  Appellant states because the plea agreement was illegal under 61 Pa.C.S. § 6138, it "constituted a showing of extrinsic fraud" which extended the trial court's jurisdiction to modify its sentencing order after the thirty-day period set forth in 42 Pa.C.S. § 5505.  **Id.** at 13.

---

[5] Appellant's Rule 1925(b) statement was docketed by the trial court on April 15, 2019.

[6] For purposes of clarity, we summarize Appellant's claims.  The full summary of Appellant's arguments can be found in his brief.  **See** Appellant's Brief at 4-5.

Second, Appellant notes that "the trial court addressed the merits of the order denying [his] request for modification of sentence *nunc pro tunc*" in its Rule 1925(a) opinion. *Id.* at 16. Therefore, he argues that we should decline to quash the appeal and address the merits of his claims. *Id.* at 15.

Before reaching the merits, we must determine whether we have jurisdiction over this appeal. *See Commonwealth v. Horn*, 172 A.3d 1133, 1135 (Pa. Super. 2017) (stating that appellate courts may consider the issue of jurisdiction *sua sponte*). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." *Commonwealth v. Green*, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (citation omitted). In criminal cases, an appeal generally lies from "the entry of the final judgment of sentence." *Commonwealth v. Rojas*, 874 A.2d 638, 642 (Pa. Super. 2005).

"In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within [thirty] days of the imposition of the judgment of sentence in open court." Pa.R.A.P. 903(c)(3). If no appeal is taken, the trial court has "the power to alter or modify a criminal sentence within thirty days after entry." *Commonwealth v. Walters*, 814 A.2d 253, 255 (Pa. Super. 2002) (citing, *inter alia*, 42 Pa.C.S. § 5505). "Generally, once the thirty-day period is over, the trial court loses the power to alter its orders." *Id.* (citation omitted). However, our Supreme Court has recognized a limited exception to Section 5505: the trial court's "inherent jurisdiction to correct obvious and patent errors in its orders," outside of the thirty-day time period

imposed by section 5505. *Commonwealth v. Holmes*, 933 A.2d 57, 66-67 (Pa. 2007) (plurality).

"Pennsylvania courts have consistently held, so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition." *Commonwealth v. Torres*, ___ A.3d ___, 2019 WL 6270758 at *1 (Pa. Super. filed Nov. 25, 2019) (citations omitted). "It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*." *Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citations omitted). However, "[t]he content of the motion—just exactly what is pled and requested therein—is relevant to deciding whether to treat the motion as a collateral petition." *Commonwealth v. Wrecks*, 931 A.2d 717, 720 (Pa. Super. 2007) (*Wrecks I*); *see also Torres*, ___ A.3d at ___, 2019 WL 6270758 at *2 (treating the defendant's motion to modify his sentence, filed years after sentencing, as an untimely post-sentence motion instead of a PCRA petition). In *Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super. 2014), we reiterated that challenges to the DOC's sentencing calculation are not cognizable under the PCRA. Specifically, we explained:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a

writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

*Heredia*, 97 A.3d at 395 (citation omitted).

Here, the trial court sentenced Appellant on May 24, 2017. Appellant did not file a timely post-sentence motion or a direct appeal. In his *pro se* filings, which were docketed after the thirty-day appeal deadline, Appellant asked the trial court to (1) modify his sentence to run concurrent with his backtime, and (2) apply the time credit awarded in the instant case to his backtime. Neither of these claims are cognizable under the PCRA.[7,8] **See**

---

[7] Further, both of Appellant's claims sought an illegal sentence. **See Commonwealth v. Kelly**, 136 A.3d 1007, 1013-14 (Pa. Super. 2016) (stating that "where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the new state sentence. Imposition of a new state sentence concurrent with parolee's backtime on the original state sentence is an illegal sentence" under 61 Pa.C.S. § 6138(a)(5)(i)); **see also Commonwealth v. Mann**, 957 A.2d 746, 751 (Pa. Super. 2008) (stating that where a "defendant is incarcerated prior to disposition, and has both a detainer and has failed for any reason to satisfy bail, the credit must be applied to the new sentence by the sentencing court" (citations omitted)).

[8] In his brief, Appellant argues that the trial court should have inferred "that he felt he did not get the benefit of his negotiated plea bargain." Appellant's Brief at 12. He challenges the validity of his plea and asserts that it was based on a "void promise" that his new sentence would run concurrent with his backtime. **Id.** at 15-16. Although these issues are cognizable under the PCRA, because Appellant raised them for the first time on appeal, they are waived. **See** Pa.R.A.P. 302(a).

*Heredia*, 97 A.3d at 395; *see also Torres*, \_\_\_ A.3d at \_\_\_, 2019 WL 6270758 at \*2.  Further, neither issue relates to a calculation error by the DOC, or any error that could be "attributable to ambiguity in the sentence imposed by the trial court."[9]  *See Heredia*, 97 A.3d at 395.  Therefore, the trial court properly concluded that it lacked jurisdiction to grant relief.

Finally, Appellant sought the same relief in both his second and third *pro se* filings.  As such, the trial court properly treated Appellant's third *pro se* filing as an untimely motion for reconsideration of the February 7, 2019 order denying his request for an order relating to time credit.  Further, because Appellant's motion for reconsideration was untimely, it did not toll the appeal period for him to challenge the trial court's February 7, 2019 order.  *See Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000) (reiterating that an untimely motion for reconsideration does not toll the appeal period).  Therefore, Appellant's April 15, 2019 notice of appeal was untimely.  *See id.*  Accordingly, we quash.

Appeal quashed.

Judge Olson concurs in the result.

Judge Stabile concurs in the result.

---

[9] The trial court's sentencing order accurately reflects the terms of the plea agreement that were stated at the hearing and set forth in Appellant's written colloquy.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/22/20