J-S60013-17

2017 PA Super 316

COMMONWEALTH OF PENNSYLVANIA,     IN THE SUPERIOR COURT OF
PENNSYLVANIA

          Appellee

          v.

TIMOTHY HORN,

          Appellant           No. 1918 WDA 2016

Appeal from the Order November 30, 2016
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000608-2015

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

OPINION BY OLSON, J.:          FILED OCTOBER 04, 2017

Appellant, Timothy Horn, appeals from the order entered on November 30, 2016, denying his "Petition to Remove Himself from the ARD[1] Program." We quash this appeal.

On July 22, 2015, Appellant was arrested and charged with driving under the influence ("DUI") of a controlled substance. 75 Pa.C.S.A. § 3802(d)(2). On April 15, 2016, Appellant petitioned for acceptance into the ARD program. The Commonwealth approved Appellant's petition and, on June 2, 2016, the trial court accepted Appellant into the ARD program. Trial Court Order, 6/2/16, at 1-2.

_____

[1] "ARD" stands for "accelerated rehabilitative disposition."

*Former Justice specially assigned to the Superior Court.

On September 23, 2016, Appellant filed a "Petition to Remove Himself from the ARD Program" (hereinafter "Appellant's Petition"). Within his petition, Appellant simply claimed:

> [Appellant has] decided that despite the fact that he has been placed on the [ARD] Program, that he desires to contest the charges against him. Therefore he does not wish to be in the [ARD] Program any longer and would desire to proceed to a trial by [c]ourt.

Appellant's Petition, 9/23/16, at 1.[2]

On November 30, 2016, the trial court held a hearing on Appellant's Petition and, at the conclusion of the hearing, the trial court denied Appellant's Petition on the record.[3] N.T. Hearing, 11/30/16, at 6. Appellant filed a notice of appeal on December 19, 2016. He raises one claim on appeal:

> Whether or not the trial court erred by denying [Appellant's] Petition to Remove Himself from the ARD Program?

_____

[2] On September 23, 2016, Appellant also filed a motion to suppress the results of his blood test and claimed that he was entitled to relief under the United States Supreme Court's recent opinion in Birchfield v. North Dakota, ___ U.S. ___, 136 S.Ct. 2160 (2016). According to Appellant, after he was arrested, he "was transferred to the hospital and requested to allow the hospital to take a blood test to determine if he had been drinking or was otherwise under the influence of any type of drugs or alcohol." Appellant's Motion to Suppress, 9/23/16, at 2. Appellant claimed that, since the police did not obtain a search warrant for his blood, the blood draw was unconstitutional and the results of the test must be suppressed. Id. at 2-3.

[3] During the November 30, 2016 hearing, the trial court also ruled that Appellant's suppression motion was moot, given that the trial court denied Appellant's Petition. N.T. Hearing, 11/30/16, at 6.

Appellant's Brief at 4 (some internal capitalization omitted).

As we have explained, prior to reaching the merits of any appeal, this Court must "first ascertain whether the [order appealed from] is properly appealable." Commonwealth v. Borrero, 692 A.2d 158, 159 (Pa. Super. 1997). Indeed, since "the question of appealability implicates the jurisdiction of this Court[, the issue] may be raised by [this] Court sua sponte." Commonwealth v. Baio, 898 A.2d 1095, 1098 (Pa. Super. 2006).

In general, this Court's jurisdiction "extends only to review of final orders." Rae v. Pa. Funeral Dir's Ass'n, 977 A.2d 1121, 1124-1125 (Pa. 2009); 42 Pa.C.S.A. § 742; Pa.R.A.P. 341(a). A final order is defined as any order that: "(1) disposes of all claims and of all parties; [] (2) is explicitly defined as a final order by statute; or (3) is entered as a final order pursuant to [Pennsylvania Rule of Appellate Procedure 341(c)]." Pa.R.A.P. 341(b). With respect to criminal cases, the general rule "is that a defendant may appeal only from a final judgment of sentence, and an appeal from any prior order or judgment will be quashed." Commonwealth v. Kurilla, 570 A.2d 1073, 1073 (Pa. Super. 1990). The purpose of this rule is to "prevent undue delay and avoid the disruption of criminal cases by piecemeal appellate review." Commonwealth v. Scott, 578 A.2d 933, 941 (Pa. Super. 1990) (internal quotations, citations, and corrections omitted).

In this case, Appellant was not convicted of any crime and the trial court did not impose a judgment of sentence. Rather, Appellant was

charged with DUI and the trial judge admitted Appellant into an ARD program pursuant to 75 Pa.C.S.A. § 3807.

Section 3807, which is entitled "Accelerated Rehabilitative Disposition," declares, in relevant part:

> (a) Eligibility.--
>
> > (1) Except as set forth in paragraph (2), a defendant charged with a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) may be considered by the attorney for the Commonwealth for participation in an Accelerated Rehabilitative Disposition program in a county if the program includes the minimum requirements contained in this section.
>
> > . . .
>
> (e) Failure to comply.--
>
> > (1) A defendant who fails to complete any of the conditions of participation contained in this section shall be deemed to have unsuccessfully participated in an Accelerated Rehabilitative Disposition program, and the criminal record underlying participation in the program shall not be expunged.
>
> > (2) The court shall direct the attorney for the Commonwealth to proceed on the charges as prescribed in the Rules of Criminal Procedure if the defendant:
>
> > > (i) fails to meet any of the requirements of this section;
>
> > > (ii) is charged with or commits an offense under 18 Pa.C.S. (relating to crimes and offenses); or
>
> > > (iii) violates any other condition imposed by the court.

75 Pa.C.S.A. § 3807.

The Pennsylvania Rules of Criminal Procedure provide a comprehensive series of rules concerning the ARD program. As is relevant to the case at bar, the rules declare:

)  "acceptance into and satisfactory completion of the accelerated rehabilitative disposition program offers the defendant an opportunity to earn a dismissal of the pending charges;"[4]

)  "should the defendant fail to complete the program, the defendant waives the appropriate statute of limitations and the defendant's right to a speedy trial;"[5]

)  "[w]hen a defendant is accepted into the program of accelerated rehabilitative disposition after the filing of an information, the judge shall order that further proceedings on the charges shall be postponed during the term of the program;"[6]

)  "[w]hen the defendant shall have completed satisfactorily the program prescribed and complied with its conditions, the defendant may move the court for an order dismissing the charges. . . .  If there are no

_____

[4] Pa.R.Crim.P. 312(1).

[5] Pa.R.Crim.P. 312(2).

[6] Pa.R.Crim.P. 315.

objections filed [to the defendant's motion], the judge shall thereafter dismiss the charges against the defendant;"[7]

⟩ "[w]hen the judge orders the dismissal of the charges against the defendant, the judge also shall order the expungement of the defendant's arrest record;"[8] and,

⟩ "[i]f the attorney for the Commonwealth files a motion alleging that the defendant during the period of the program has violated a condition thereof . . . the judge who entered the order for ARD may issue such process as is necessary to bring the defendant before the court. . . . If the judge finds that the defendant has committed a violation of a condition of the program, the judge may order, when appropriate, that the program be terminated, and that the attorney for the Commonwealth shall proceed on the charges as provided by law. No appeal shall be allowed from such order."[9]

Therefore, in accordance with the above: Appellant was not permitted to plead guilty prior to being accepted into the ARD program; the trial court "postponed . . . further proceedings on the charges" after Appellant was accepted into the ARD program; if Appellant chooses to complete the

_____

[7] Pa.R.Crim.P. 319.

[8] Pa.R.Crim.P. 320.

[9] Pa.R.Crim.P. 318(A) and (C) (emphasis added).

program, Appellant "may move the [trial] court for an order dismissing the charges;" if there are no objections to Appellant's motion to dismiss, the trial court must dismiss the charges and, if no further objections are filed, the trial court must order the expungement of Appellant's arrest record; and, if Appellant fails to complete the program or violates a condition of the program, the "[trial] court shall direct the attorney for the Commonwealth to proceed on the charges as prescribed in the Rules of Criminal Procedure" and Appellant cannot appeal from the trial court's order terminating his participation in the program. See Pa.R.Crim.P. 310-320 and 75 Pa.C.S.A. § 3807(e).

Given the unique nature of an order that accepts a defendant into a ARD program, this Court has held that "[a]cceptance of ARD is an interlocutory matter and consequently is not appealable." Commonwealth v. Getz, 598 A.2d 1309, 1309 (Pa. Super. 1991). As we explained:

> The general rule in Pennsylvania is that a defendant may appeal only from a final judgment of sentence and an appeal from any prior order will be quashed as interlocutory. An ARD determination provides no exception to the general rule. Rather, it constitutes a non-final proceeding in which the resolution of the criminal prosecution is merely held in abeyance. Acceptance of ARD is an interlocutory matter and consequently is not appealable. . . .
>
> [P]roceeding under the ARD program is not a right. [An a]ppellant's remedy, if he is dissatisfied with the terms and conditions of the ARD program, is to notify the trial court and the [district attorney] regarding his non-acceptance. . . . [T]he trial court may then enter a non-appealable interlocutory order

> terminating [the] appellant's participation in the program. [The a]ppellant's case would then proceed to the trial which has been postponed during the term of [the] appellant's participation in the ARD program.

Id. at 1309 (internal citations omitted) (emphasis added); see also Commonwealth v. Feagley, 538 A.2d 895 (Pa. Super. 1988) (quashing appeal from an order that accepted the appellant into an ARD program, where the appellant wished to challenge the "statutorily mandated license suspension of [12] months," because an order accepting an individual into an ARD program is interlocutory) (superseded by rule on other grounds by Commonwealth v. Coleman, 854 A.2d 978 (Pa. Super. 2004)).

In accordance the above precedent, we conclude that the trial court's order denying Appellant's "Petition to Remove Himself from the ARD Program." is not a final order, as acceptance into – and termination of – the ARD program is an interlocutory matter. Getz, 598 A.2d at 1309. Therefore, Appellant is appealing from an interlocutory determination of the trial court.

Further, while interlocutory orders are appealable in certain circumstances, none of those circumstances apply to the case at bar. Our Supreme Court has explained:

> in addition to an appeal from final orders of the Court of Common Pleas, our rules provide the Superior Court with jurisdiction in the following situations: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by permission, Pa.R.A.P. [312]; appeals that may be taken from a collateral order, Pa.R.A.P. 313; and appeals that may be taken from certain

distribution orders by the Orphans' Court Division, Pa.R.A.P. 342.

Commonwealth v. Garcia, 43 A.3d 470, 478 n.7 (Pa. 2012) (internal quotations omitted), quoting McCutcheon v. Phila. Elec. Co., 788 A.2d 345, 349 n.6 (Pa. 2002).

Here, the challenged order is not defined as appealable as of right (per Pa.R.A.P. 311), Appellant did not ask for or receive permission to appeal the interlocutory order (per Pa.R.A.P. 312), and Appellant has not provided this Court with any argument as to whether – or how – the order could satisfy the collateral order doctrine (per Pa.R.A.P. 313). Thus, since we do not have jurisdiction over this appeal, we are required to quash Appellant's appeal. See 42 Pa.C.S.A. § 742.[10]

Appeal quashed. Commonwealth's "Motion to Dismiss Appellant's Appeal" denied as moot.

_____

[10] If Appellant wishes to be removed from the ARD program, Appellant may always refuse to comply with the conditions of the program. In that event, "[t]he court shall direct the attorney for the Commonwealth to proceed on the charges as prescribed in the Rules of Criminal Procedure." 75 Pa.C.S.A. § 3807(e).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2017