J-S39024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL JAMES WILLIAM CARSON | : | |
| | : | |
| Appellant | : | No. 322 MDA 2018 |

Appeal from the Order Entered January 23, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001000-2017

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED AUGUST 07, 2018**

Paul James William Carson (Appellant) appeals from the order amending Appellant's accelerated rehabilitative disposition (ARD)[1] to include restitution. We quash this appeal because the order is interlocutory.

On September 3, 2016, Appellant was under the influence of alcohol when the vehicle he was driving collided with a vehicle driven by Amelia Seybert.  Ms. Seybert sustained significant shoulder injuries in the accident. She required surgery and missed six weeks of work.  N.T., 12/20/17, at 4. Appellant was charged with driving under the influence (DUI)-general

---

[1] **See** 75 Pa.C.S.A. § 3807 (Accelerated Rehabilitative Disposition); Pa.R.Crim.P. 300-320 (Accelerated Rehabilitative Disposition).

impairment and DUI-highest rate of alcohol.[2]

On July 17, 2017, at the recommendation of the Commonwealth, and with the consent of Appellant, the trial court entered an order admitting Appellant into an ARD program. The order suspended Appellant's driver's license for 60 days and directed that he, *inter alia*, complete a drug/alcohol evaluation, report to probation, and pay a $200 fee to the District Attorney's Office.

Three days later, the Commonwealth filed a motion to modify Appellant's ARD to include restitution to Ms. Seybert for unreimbursed medical expenses and lost wages. On December 20, 2017, the trial court conducted a hearing on the motion. The Commonwealth stated that due to "administrative oversight," it had failed to request restitution for Ms. Seybert, a single parent who works full-time and incurred out-of-pocket expenses. N.T., 12/20/17, at 2-3. Ms. Seybert testified that she had surgery on her rotator cuff and flap, "had a slight tear," and missed work for six weeks. ***Id.*** at 4. The Commonwealth asserted that the trial court had jurisdiction to amend Appellant's ARD because the requirements of the restitution statute, 18 Pa.C.S.A. § 1106, apply only where there has been a conviction, and here, there was no conviction. Appellant disagreed, claiming that ARD is considered a conviction for restitution purposes, and that 18 Pa.C.S.A. § 1106 requires

---

[2] 75 Pa.C.S.A. § 3802(a)(1), (c).

that restitution be imposed at the time of sentencing.

On January 23, 2018, the trial court granted the Commonwealth's motion and entered an order amending Appellant's ARD "to reflect restitution in the amount of $4,345.71." The trial court relied upon and cited the ARD statute, which states:

> The defendant must make restitution to any person that incurred determinable financial loss as a result of the defendant's actions which resulted in the offense.

75 Pa.C.S.A. § 3807(b)(1)(v). **See also** Trial Court Opinion, 1/23/18, at 1.

Appellant timely appealed. Both the trial court and Appellant have complied with Pa.R.A.P. 1925. On appeal, Appellant presents a single issue for our review:

> Whether the Lower Court erred when it granted the Commonwealth's motion to modify conditions of ARD to include restitution, where restitution was not included in the original ARD order/disposition and where [Appellant] had already agreed to the conditions of ARD and was admitted into the program.

Appellant's Brief at 9.

Appellant argues that the trial court erred in adding restitution to the terms of his ARD. Appellant maintains that admission into ARD "is the equivalent of sentencing" for 18 Pa.C.S.A. § 1106(a) purposes, and that under that statute, a trial court shall determine the amount of restitution at the time

J-S39024-18

of sentencing.[3]  Appellant's Brief at 16-17.  Appellant contends that his due process rights were violated because, when he entered ARD, he was unaware that he would be responsible for restitution, and thus he did not make an informed decision about entering ARD.[4]

_____

[3] The statute states:  "Upon conviction for any crime wherein . . . the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor."  18 Pa.C.S.A. § 1106(a).

[4] Appellant also cites *Commonwealth v. Pleger*, 934 A.2d 715 (Pa. Super. 2006), as holding that any "restitution was required to be determined and imposed . . . at the time of sentencing" and "that an ARD disposition was considered a conviction (prior) for purposes of the DUI statute, and consequently, for determination of restitution."  Appellant's Brief at 16.  His interpretation of this decision is mistaken.  In *Pleger*, the defendant entered ARD in 1996 for a DUI charge, and eight years later, in 2004, committed DUI again and eventually pled guilty.  *Pleger*, 934 A.2d at 717.  At the time he entered ARD, 75 Pa.C.S.A. § 3731(e)(2) provided that when a defendant was convicted of DUI, any entry into ARD within the past 7 years would be considered a "first conviction" for sentencing purposes (the latter conviction would be subject to a lengthier mandatory minimum sentence).  *Id.*  At the time of his 2004 conviction, however, Section 3731(e)(2) had been repealed and replaced with 75 Pa.C.S.A. § 3806(b), under which the "look back" period was enlarged to 10 years.  *Id.*  The first question before this Court was whether the defendant was subject to the 7-year "look back" period in effect at the time of his ARD or the 10-year "look back" period in effect when he committed DUI in 2004.  *Id.* at 717-718.  This Court held that the latter applied.  *Id.* at 719.  In relying on *Pleger*, Appellant wholly fails to address this factual context, and his application of the oversimplified holding, "that an ARD disposition was considered a conviction (prior) for purposes of the DUI statute," to this case is unfounded.  *See* Appellant's Brief at 16.

Furthermore, the *Pleger* Court considered whether the trial court was required to impose restitution to compensate the victim for injuries, despite the fact that prior to sentencing, the victim accepted a settlement from the defendant's insurance carrier.  This holding concerned sentencing for the

In examining ARD, we are mindful that:

ARD . . . is a pretrial disposition of certain cases, in which . . . the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes.

. . . [A]fter [a defendant] has completed the program successfully, the charges against him will be dismissed, upon order of court.  If he does not complete the ARD successfully, he may be prosecuted for the offense with which he was charged. The district attorney's utilization of ARD is optional under the rules.

***Commonwealth v. Lebo***, 713 A.2d 1158, 1161 (Pa. Super. 1998).

We have held:

The general rule in Pennsylvania is that a defendant may appeal only from a final judgment of sentence and an appeal from any prior order will be quashed as interlocutory.  An ARD determination provides no exception to the general rule.  Rather, it constitutes a non-final proceeding in which the resolution of the criminal prosecution is merely held in abeyance.  Acceptance of ARD is an interlocutory matter and consequently is not appealable. . . .

[P]roceeding under the ARD program is not a right.  [A defendant's] remedy, if he is dissatisfied with the terms and conditions of the ARD program, is to notify the trial court and the District Attorney . . . regarding his non-acceptance.  . . . [T]he trial court may then enter a non-appealable interlocutory order terminating [the defendant's] participation in the program.  [The defendant's] case would then proceed to the trial which has been postponed during the term of [his] participation in the ARD program.

---

defendant's DUI **conviction**.  ***Id.***  As we discuss ***infra***, here, Appellant has not been convicted, and thus the holding in ***Pleger*** does not apply.

*Commonwealth v. Getz*, 598 A.2d 1309, 1310 (Pa. 1991) (citations omitted). *See also Commonwealth v. Horn*, 172 A.3d 1133, 1137-38 (Pa. Super. 2017) (citing *Getz* and quashing defendant's appeal from an order denying his petition to withdraw from ARD).

Instantly, Appellant was not convicted of any crime and the trial court did not impose a judgment of sentence. Rather, Appellant was charged with two counts of DUI and the trial court, at the Commonwealth's recommendation and with the agreement of Appellant, admitted Appellant into an ARD program pursuant to 75 Pa.C.S.A. § 3807. Under these circumstances[5], and consonant with *Getz* and *Horn*, the court's order amending Appellant's ARD to add restitution is not an appealable order. *See Horn*, 172 A.3d at 1137-1138; *Getz*, 598 A.2d at 1310. Accordingly, this appeal is not properly before us.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2018

---

[5] As in *Horn*, "the challenged order is not defined as appealable as of right (*per* Pa.R.A.P. 311), Appellant did not ask for or receive permission to appeal the interlocutory order (*per* Pa.R.A.P. 312), and Appellant has not provided this Court with any argument as to whether—or how—the order could satisfy the collateral order doctrine (*per* Pa.R.A.P. 313)." *Horn*, 172 A.3d at 1138.