J-S56039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HUSSAIN KIADEE | : | |
| | : | |
| Appellant | : | No. 3186 EDA 2018 |

Appeal from the Judgment of Sentence Entered September 28, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007557-2016

BEFORE:  PANELLA, P.J., OLSON, J., and NICHOLS, J.

JUDGMENT ORDER BY NICHOLS, J.:          **FILED NOVEMBER 08, 2019**

Appellant Hussain Kiadee appeals from the judgment of sentence imposed following his jury trial convictions for first-degree murder and possessing instruments of crime (PIC).[1]  Appellant challenges the legality of his arrest, the voluntariness of his confession, and the admissibility of certain hearsay statements.  We quash the appeal as premature.

The relevant procedural history of this appeal is as follows.  A jury convicted Appellant of the aforementioned offenses on August 16, 2018.  On September 28, 2018, the trial court sentenced Appellant to life imprisonment without parole for the first-degree murder conviction, plus a consecutive term of one to two years' imprisonment for PIC.  Privately retained trial counsel (trial counsel) timely filed a post-sentence motion on Appellant's behalf on

_____

[1] 18 Pa.C.S. §§ 2502(a) and 907, respectively.

October 2, 2018. That same day, trial counsel also filed a motion for leave to withdraw.

On October 10, 2018, the trial court granted trial counsel's motion to withdraw and directed the public defender to determine whether Appellant qualified for post-sentence representation within ten days. If the public defender determined that Appellant did not qualify for its legal representation, then the trial court directed that Appellant would be responsible for retaining private counsel. Further, the trial court dismissed Appellant's post-sentence motion without prejudice, such that Appellant could re-file the motion after newly retained counsel entered their appearance.

Subsequently, privately retained counsel (private counsel) entered their appearance on October 23, 2018, and filed a supplemental post-sentence motion on October 26, 2018. The public defender, however, was unaware that Appellant had retained private counsel, and the public defender filed a notice of appeal on October 26, 2018.

The trial court concluded that it lacked jurisdiction to entertain the merits of the supplemental post-sentence motion, and it did not order Appellant to file a Pa.R.A.P. 1925(b) statement. *See* Trial Ct. Op., 4/1/19, at 2-3. On April 1, 2019, the trial court filed an opinion asking this Court to quash the appeal and remand the matter for further proceedings.

Preliminarily, we must evaluate whether we have jurisdiction over this appeal. "[S]ince the question of appealability implicates the jurisdiction of this Court, the issue may be raised by this Court *sua sponte*."

- 2 -

*Commonwealth v. Horn*, 172 A.3d 1133, 1135 (Pa. Super. 2017) (citation and internal alterations omitted). "[T]he final, appealable order for a defendant's direct appeal in a criminal case is the judgment of sentence, not the conviction." *Commonwealth v. Claffey*, 80 A.3d 780, 782-83 (Pa. Super. 2013) (citation omitted). If a defendant files a timely post-sentence motion, then the notice of appeal must be filed within thirty days of the entry of the order deciding the motion. Pa.R.Crim.P. 720(A)(2)(a). "No direct appeal may be taken by a defendant while his or her post-sentence motion is pending." Pa.R.Crim.P. 720 cmt. (citation omitted).

Instantly, trial counsel filed a timely post-sentence motion, as well as a separate motion for leave to withdraw on October 2, 2018. The trial court permitted trial counsel to withdraw and dismissed Appellant's post-sentence motion without prejudice such that Appellant could re-file the motion after new counsel entered their appearance. Private counsel subsequently entered their appearance and filed a supplemental post-sentence motion. Nevertheless, the public defender filed a notice of appeal before the trial court could rule on the supplemental post-sentence motion.

Because the entry of an appropriate order is a prerequisite to this Court's exercise of jurisdiction, we conclude Appellant's notice of appeal was premature. *See* Pa.R.Crim.P. 720(A)(2)(a) & cmt.; *Claffey*, 80 A.3d at 782-83. Accordingly, we are compelled to quash the appeal. Upon remand, the trial court should consider the merits of Appellant's supplemental post-sentence motion. *See Commonwealth v. Borrero*, 692 A.2d 158, 161 (Pa.

Super. 1997) (quashing the appellant's premature appeal and explaining that the interests of justice required the trial court to consider the post-sentence motions on remand, *nunc pro tunc*).

Appeal quashed.  Case remanded for further proceedings consistent with this decision.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/19