J-S53040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALTER STANLEY REISS | : | |
| | : | |
| Appellant | : | No. 856 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 19, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001288-2018

BEFORE:  OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED MARCH 11, 2020**

Appellant Walter Stanley Reiss appeals from the judgment of sentence imposed after a jury found him guilty of two counts of arson.[1]  Appellant challenges the sufficiency of the evidence.  Because the record does not contain an order denying Appellant's post-verdict or post-sentence motions, we are constrained to quash this appeal.

The procedural history of this appeal is as follows.  On November 1, 2017, the Commonwealth filed a criminal complaint against Appellant alleging that Appellant set fire to his home to collect insurance and in so doing, placed firefighters at risk of death or serious bodily injury.  Appellant obtained private counsel, Christopher W. Koschier, Esq., who entered his appearance on April

---

[1] 18 Pa.C.S. § 3301(a)(1)(i) (arson endangering persons), (c)(3) (arson endangering property with intent to collect insurance).

23, 2018. The matter proceeded to a jury trial. On September 6, 2018, the jury found Appellant guilty of the above-mentioned crimes.

On October 19, 2018, Attorney Koschier filed a post-verdict motion seeking a new trial and leave to withdraw as counsel. That same day, the trial court convened the sentencing hearing. The trial court considered Attorney Koschier's post-verdict motion for a new trial as a post-sentence motion. N.T., 10/19/18, at 3 (describing Attorney Koschier's motion as a premature post-sentence motion). The trial court sentenced Appellant to an aggregate term of thirty-three to seventy-two months' imprisonment and restitution to State Farm Insurance Company and the fire department. After imposing sentence, the trial court heard from Attorney Koschier on his motion for leave to withdraw as counsel. *Id.* at 60-62. Appellant and the Commonwealth did not object to Attorney Koschier's withdrawal. *Id.* at 61-62.

On October 24, 2018, the trial court granted Attorney Koschier leave to withdraw and directed the Office of the Public Defender to represent Appellant on appeal. On November 28, 2018, the trial court ordered Alexander J. Karam, Jr., Esq., to represent Appellant as conflicts counsel.

On January 11, 2019, Attorney Karam filed a praecipe to withdraw, and Appellant's current counsel, Gerald A. Stein, Esq., entered his appearance. On January 23, 2019, Attorney Stein filed a post-sentence motion.[2] The

_____

[2] It does not appear from the record that Attorney Stein requested leave to file a post-sentence motion *nunc pro tunc*. However, although the record does

Commonwealth filed a response on February 5, 2019. It appears that the trial court did not rule on Attorney Koschier's post-verdict motion or Attorney Stein's post-sentence motion, because no such order appears in the record or the docket.

On March 15, 2019, Attorney Stein filed a notice of appeal from the judgment of sentence. In the notice of appeal, Attorney Stein represented that "post-verdict/sentence motions [were] denied by operation of law as of 2/17/19." Notice of Appeal, 3/15/19. The trial court did not order a Pa.R.A.P. 1925(b) statement, but issued an opinion finding no merit to Appellant's post-verdict and post-sentence motions.

Before addressing the merits of this appeal, we must consider whether we have jurisdiction. "[S]ince the question of appealability implicates the jurisdiction of this Court, the issue may be raised by this Court *sua sponte*." **Commonwealth v. Horn**, 172 A.3d 1133, 1135 (Pa. Super. 2017) (citation and internal alterations omitted). "[T]he final, appealable order for a defendant's direct appeal in a criminal case is the judgment of sentence, not the conviction." **Commonwealth v. Claffey**, 80 A.3d 780, 782-83 (Pa. Super. 2013) (citation omitted). If a defendant files a timely post-sentence motion, then the notice of appeal must be filed within thirty days of the entry of the order deciding the motion. Pa.R.Crim.P. 720(A)(2)(a). "No direct

_____

not contain a written order, the trial court stated that it permitted Attorney Stein additional time to file supplemental post-sentence motions with a brief. Trial Ct. Op., 4/16/19, at 2. Moreover, the trial court received and considered Attorney Stein's post-sentence motions. *Id.* at 3, 11.

appeal may be taken by a defendant while his or her post-sentence motion is pending." Pa.R.Crim.P. 720 cmt. (citation omitted).

Instantly, Attorney Koschier filed a post-verdict motion, which the trial court appeared to consider as a timely post-sentence motion. *See* N.T., 10/19/18, at 3. Additionally, after the trial court permitted Attorney Koschier to withdraw, Attorney Stein filed a post-sentence motion, which the trial court apparently accepted. However, there is no order in the record either denying the post-verdict motion or memorializing the denial of that motion by operation of law. Additionally, even if the trial court granted leave for Attorney Stein to file a post-sentence motion *nunc pro tunc*, there is no order denying that motion.

Because the entry of an appropriate order is a prerequisite to this Court's exercise of jurisdiction, we conclude that Appellant's notice of appeal was premature. *See* Pa.R.Crim.P. 720(A)(2)(a) & cmt.; *Claffey*, 80 A.3d at 782-83. Accordingly, we are compelled to quash the appeal. *See Commonwealth v. Borrero*, 692 A.2d 158, 161 (Pa. Super. 1997) (quashing the appellant's premature appeal and explaining that the interests of justice required the trial court to consider the post-sentence motions on remand, *nunc pro tunc*).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/11/20