J-S47022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMANDA LYNN GOTSHALL | : | |
| | : | |
| Appellant | : | No. 2109 MDA 2019 |

Appeal from the Order Entered November 27, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002240-2019

BEFORE: STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: FEBRUARY 22, 2021**

Appellant Amanda Lynn Gotshall appeals from the order granting the Commonwealth's petition to modify her accelerated rehabilitative disposition (ARD) supervision. Appellant requests this Court to quash this appeal. We quash.

The facts are unnecessary to recap extensively. Briefly, the Commonwealth charged Appellant with witness intimidation, and Appellant was accepted into the ARD program. On November 12, 2019, the Commonwealth filed a petition to modify ARD conditions, specifically, to add a no-contact order with respect to a minor victim/witness. The trial court granted the Commonwealth's petition on November 27, 2019. Order,

_____

[*] Retired Senior Judge assigned to the Superior Court.

11/27/19. Appellant filed a timely notice of appeal on Monday, December 23, 2019, and a timely court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issue: "Must the instant appeal be dismissed as this Court lacks jurisdiction?" Appellant's Brief at 8. We review whether an order is appealable under a *de novo* standard of review. ***Commonwealth v. McClure***, 172 A.3d 668, 683 (Pa. Super. 2017). In ***Commonwealth v. Horn***, 172 A.3d 1133 (Pa. Super. 2017), this Court addressed our appellate jurisdiction from an order denying the defendant's petition to remove himself from the ARD program. ***Horn***, 172 A.3d at 1135. In quashing the defendant's appeal, the Court explained:

> Given the unique nature of an order that accepts a defendant into a ARD program, this Court has held that acceptance of ARD is an interlocutory matter and consequently is not appealable. . . .
>
> The general rule in Pennsylvania is that a defendant may appeal only from a final judgment of sentence and an appeal from any prior order will be quashed as interlocutory. An ARD determination provides no exception to the general rule. Rather, it constitutes a non-final proceeding in which the resolution of the criminal prosecution is merely held in abeyance. Acceptance of ARD is an interlocutory matter and consequently is not appealable
>
> Proceeding under the ARD program is not a right. An appellant's remedy, if he is dissatisfied with the terms and conditions of the ARD program, is to notify the trial court and the district attorney regarding his non-acceptance. The trial court may then enter a non-appealable interlocutory order terminating the appellant's participation in the program. The appellant's case would then proceed to the trial which has been postponed during the term of the appellant's participation in the ARD program.

*Id.* at 1137-38 (citations omitted and formatting altered). The **Horn** Court also explained that the defendant did not fulfill any of the requirements for appealing an interlocutory order as of right or by permission or as a collateral order. ***See id.*** at 1138; ***see also*** Pa.R.A.P. 311, 312, 313.

Here, Appellant has appealed from an order modifying one of the conditions of her ARD supervision. Order, 11/27/19. Although Appellant, unlike the defendant in **Horn**, is not appealing an order accepting her into the ARD program, any ARD determination "constitutes a non-final proceeding in which the resolution of the criminal prosecution is merely held in abeyance." ***See Horn***, 172 A.3d at 1137. As the **Horn** Court noted, generally, a defendant may appeal only from a final judgment of sentence and not from an order relating to ARD. ***See id.*** at 1137-38. We add that Appellant has not suggested the order is an appealable interlocutory or collateral order. ***See id.*** at 1138. For these reasons, we quash.[1]

---

[1] The dissent is troubled by counsel's alleged abandonment of Appellant's claims. Dissent. Mem. at 4. While we are sensitive to the dissent's concerns, it is well-settled that this Court can only exercise appellate jurisdiction when an appealable order exists, and we are bound by the **Horn** Court's holding that the order at issue, as we quoted above, "constitutes a non-final proceeding in which the resolution of the criminal prosecution is merely held in abeyance." ***See Horn***, 172 A.3d at 1137. Our Supreme Court has explicitly held that "[j]urisdiction is the predicate upon which a consideration of the merits must rest." ***Robinson v. Pa. Bd. of Prob. & Parole***, 582 A.2d 857, 860 (Pa. 1990) (citation omitted). Without appellate jurisdiction, an appellate court may **not** address the merits. ***Riverlife Task Force v. Planning Comm'n of Pittsburgh***, 966 A.2d 551, 559 (Pa. 2009) (holding that it would not address "substantive claims" due to lack of
*(Footnote Continued Next Page)*

- 3 -

Appeal quashed.

Judge Stabile joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/22/2021

---

(Footnote Continued) ⎯⎯⎯⎯⎯⎯⎯⎯

appellate jurisdiction); **Commonwealth v. Geer**, 936 A.2d 1075, 1078-79 (Pa. Super. 2007) (quashing appeal and therefore **not** addressing allegation that prior appeal counsel abandoned the defendant by not filing an appellate brief); **see also Commonwealth v. Hall**, 2020 WL 1547836 (Pa. Super. filed Apr. 1, 2020) (unpublished mem.) (quashing untimely appeal, which precluded merits analysis of counsel's **Anders** brief).  We acknowledge that non-precedential decisions may be cited for their persuasive value only. **See** Pa.R.A.P. 126(b).