J-S47022-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AMANDA LYNN GOTSHALL, | : | |
| | : | |
| Appellant | : | No. 2109 MDA 2019 |

Appeal from the Order Entered November 27, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002240-2019

BEFORE:    STABILE, J., NICHOLS, J. and STRASSBURGER, J.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED: FEBRUARY 22, 2021**

Because I disagree that the order appealed from is not a final order, I respectfully dissent.

"In order to be appealable, the order must be: (1) a final order, Pa.R.A.P. 341-42; (2) an interlocutory order appealable by right or permission, 42 Pa.C.S. § 702(a)-(b); Pa.R.A.P. 311-12; or (3) a collateral order, Pa.R.A.P. 313." **Interest of J.M.**, 219 A.3d 645, 650 (Pa. Super. 2019) (footnote omitted). Generally,

> [a] final order is defined as any order that: "(1) disposes of all claims and of all parties; [ ] (2) is explicitly defined as a final order by statute; or (3) is entered as a final order pursuant to [Pennsylvania Rule of Appellate Procedure 341(c)]." Pa.R.A.P. 341(b). With respect to criminal cases, the general rule "is that a defendant may appeal only from a final judgment of sentence, and an appeal from any prior order or judgment will be

---

*Retired Senior Judge assigned to the Superior Court.

quashed." ***Commonwealth v. Kurilla***, 570 A.2d 1073, 1073 (Pa. Super. 1990).

***Commonwealth v. Horn***, 172 A.3d 1133, 1136 (Pa. Super. 2017) (citations altered).

> "Pennsylvania's Rules of Appellate Procedure place great importance on the concept of 'final orders' to establish jurisdiction to hear an appeal." ***Commonwealth v. Culsoir***, 209 A.3d 433, 435 (Pa. Super. 2019). The purpose of the rule regarding final orders is to avoid "piecemeal appeals" and "protracted litigation." ***Commonwealth v. Bowers***, 185 A.3d 358, 362 (Pa. Super. 2018). It "maintains distinctions between trial and appellate review, respects the traditional role of the trial judge, and promotes formality, completeness, and efficiency." ***Shearer v. Hafer***, 177 A.3d 850, 855-56 (Pa. 2018). It also represents a determination that "the cost of a wrong decision by a trial judge is typically outweighed by either the benefit of uninterrupted trial proceedings or the assurance that the issue is adequately reviewable through alternatives to an immediate appeal." ***Id.*** (citing Michael E. Harriss, ***Rebutting the Roberts Court: Reinventing the Collateral Order Doctrine Through Judicial Decision-Making***, 91 Wash. U. L. Rev. 721, 725 (2014)).

***J.M.***, 219 A.3d at 650 (citations altered).

In quashing this appeal as being from a non-final order, the Majority relies on ***Horn***, ***supra***. In ***Horn***, this Court concluded that an order denying a petition for removal from ARD was not a final order, reasoning as follows.

> Given the unique nature of an order that accepts a defendant into a[n] ARD program, this Court has held that "[a]cceptance of ARD is an interlocutory matter and consequently is not appealable." ***Commonwealth v. Getz***, 598 A.2d 1309, 1309 (Pa. Super. 1991). As we explained:
>
> > The general rule in Pennsylvania is that a defendant may appeal only from a final judgment of sentence and an appeal from any prior order will be quashed as interlocutory. An ARD determination provides no

exception to the general rule. Rather, it constitutes a non-final proceeding in which the resolution of the criminal prosecution is merely held in abeyance. Acceptance of ARD is an interlocutory matter and consequently is not appealable....

[P]roceeding under the ARD program is not a right. [An a]ppellant's remedy, if he is dissatisfied with the terms and conditions of the ARD program, is to notify the trial court and the [district attorney] regarding his non-acceptance.... [T]he trial court may then enter a non-appealable interlocutory order terminating [the] appellant's participation in the program. [The a]ppellant's case would then proceed to the trial which has been postponed during the term of [the] appellant's participation in the ARD program.

*Id.* at 1309 (internal citations omitted).

In accordance [with] the above precedent, we conclude that the trial court's order denying Appellant's "Petition to Remove Himself from the ARD Program[]" is not a final order, as acceptance into—and termination of—the ARD program is an interlocutory matter. Therefore, Appellant is appealing from an interlocutory determination of the trial court.

*Horn*, 172 A.3d at 1137-38 (citations altered; some citations omitted).

Instantly, Appellant is not appealing from an order regarding her acceptance into, or termination of her acceptance into, the ARD program. Appellant is not seeking to terminate her acceptance into the program; she is appealing from an order modifying the terms and conditions of her ARD program. Thus, I do not believe *Horn* controls. Moreover, given the nature of ARD, "the cost of a wrong decision" by an ARD judge is not "outweighed by [] the assurance that the issue is adequately reviewable through alternatives to an immediate appeal." *J.M.*, 219 A.3d at 650 (citation and

internal quotation marks omitted). Thus, I would find that an order modifying ARD, where no further order is contemplated, is a final order. Accordingly, I would not quash.

Despite the Majority's conclusion that the order appealed from was not a final, appealable order, my analysis hereinabove demonstrates that its conclusion was not foregone. As such, I am troubled by counsel's abandonment of Appellant's claims in arguing that this is not an appealable order. If counsel believed Appellant's claims to be frivolous, counsel should have filed a petition to withdraw as counsel and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981). Seeing as counsel did neither, counsel did not come remotely close to complying with the requirements of *Anders* and *McClendon*. Thus, although I believe we have jurisdiction over this appeal, I do not believe we should reach the merits at this juncture. Rather, I would direct counsel to file an advocate's brief or compliant *Anders* brief, and retain panel jurisdiction.

Based on the foregoing, I respectfully dissent.