J-A18025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
             :            PENNSYLVANIA
             :
         v.          :
             :
             :
GARY LEE KAY         :
             :
     Appellant     :   No. 1362 WDA 2023

Appeal from the Judgment of Sentence Entered August 3, 2023
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002334-2019

BEFORE: OLSON, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY MURRAY, J.:          **FILED: AUGUST 6, 2024**

Gary Lee Kay (Appellant) appeals from the judgment of sentence imposed following his jury convictions of aggravated assault and simple assault, and his nonjury conviction of harassment.[1] Because we conclude Appellant's judgment of sentence is not yet final, we quash the appeal.

On February 12, 2019, Appellant started a verbal and physical altercation with his wife (Wife). Appellant screamed at Wife and pulled her by her hair. During the altercation, Appellant threw a bar stool at Wife, hitting her in the side. Appellant also threw a saltshaker at Wife, striking her in the head and resulting in a large cut. Appellant took Wife to the hospital, as she felt dizzy from the loss of blood. Wife "had to have ten (10) staples inserted

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), 2709(a)(1).

in her scalp to close the laceration." Trial Court Opinion, 1/29/24, at 2. Wife informed hospital staff and a Pennsylvania State Trooper that Appellant had attacked her. Wife also obtained a protection from abuse order against Appellant.

As a result of this incident, Appellant was subsequently charged with the above-described crimes.[2] Appellant turned himself in the following day.

Appellant retained Adam M. Bishop, Esquire (Attorney Bishop), as counsel. On May 3, 2021, Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600. As we discuss further *infra*, the trial court never addressed the Rule 600 motion.

The following day, Attorney Bishop filed a petition to withdraw from representation, explaining that Appellant had "fired" him. Appellant requested to represent himself at trial. The trial court conducted a *Grazier*[3] hearing, after which the trial court granted Attorney Bishop's petition to withdraw, permitted Appellant to proceed *pro se*, and directed Attorney Bishop to serve as standby counsel.

The trial court summarized the subsequent procedural history:

_____

[2] The Commonwealth charged Appellant with additional, unrelated offenses at trial court docket number 2333-2019. The cases were originally consolidated. On May 3, 2021, Appellant filed a motion to sever the two cases for trial. While the record does not contain an order addressing the motion to sever, the jury trial transcript includes only the instant matter.

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

> [Appellant] experienced a medical episode prior to jury selection for a trial scheduled for May 3, 2021. On May 6, 2021, [Appellant's] bond was revoked due to [his] contact with [Wife].... [While Appellant's bench warrant remained outstanding, the trial court granted Attorney Bishop's request to be removed as standby counsel. Appellant] was located on August 12, 2021[,] and incarcerated. [Thomas W. Shaffer, Esquire (Attorney Shaffer), subsequently entered his appearance on Appellant's behalf.]
>
> On August 17, 2021, Attorney Shaffer filed a motion to reinstate bond. Then on October 28, 2021, Attorney Shaffer requested a continuance of the trial to December 6, 2021[, which the trial court granted]. On November 29, 2021, Attorney Shaffer requested a second continuance of the trial[,] but it was denied.

Trial Court Opinion, 1/29/24, at 3 (some capitalization modified).

Appellant failed to appear for the scheduled trial on December 6, 2021, and the trial court issued a bench warrant. On December 15, 2021, Attorney Shaffer filed a motion to withdraw as counsel, asserting that Appellant failed to pay for his services, and that Appellant terminated Attorney Shaffer's representation. The trial court denied Attorney Shaffer's motion to withdraw and listed the case for trial. Attorney Shaffer filed a second motion to withdraw on December 27, 2021, which the trial court denied.

Appellant was located on January 3, 2021, at which time the trial court lifted the bench warrant and set bond in the amount of $10,000. Appellant was released from jail on bond the next day.

Appellant did not appear for his next scheduled trial date on February 7, 2022.

> [P]ursuant to Fayette County procedure, the parties appeared before the plea judge, the Honorable Joseph M. George, to determine whether the case would be continued or proceed to

trial. After an in-court proceeding with Judge George, the parties returned to [c]ourt and[,] pursuant to Judge George's ruling, the case proceeded to trial in the absence of [Appellant]. At the trial, [Appellant] was represented by [Attorney Shaffer].

Prior to trial and during the trial itself,[4] Attorney Shaffer requested to withdraw his representation. Attorney Shaffer attempted to withdraw[,] but because another member of the bench had denied his request, [Judge Wagner] would not alter another judge's ruling. [Thus, Judge Wagner instructed Attorney Shaffer to represent Appellant's interests in his absence.]

After trial, the [c]ourt, out of the presence of the jury, put on the record a sidebar conversation about [Appellant's] failure to appear. Attorney Shaffer stated that he had received a text from [Appellant] terminating his representation. [Appellant] failed to cooperate with [Attorney Shaffer], failed to appear at [Attorney Shaffer's] office[,] and now for trial. On the day of trial, Attorney Shaffer attempted to contact [Appellant], contacted [Appellant's] sister, the probation office, and the jail. [Appellant] failed to report to the Probation Office for a scheduled appointment that day. [Appellant's] sister gave Attorney Shaffer no information about [Appellant] or his location.

Trial Court Opinion, 1/29/24, at 4-5 (footnote added).

At the close of trial, the jury found Appellant guilty of aggravated assault and simple assault. The trial court found Appellant guilty of the summary offense of harassment. The trial court scheduled a sentencing hearing on March 2, 2022.

Neither Appellant nor Attorney Shaffer appeared for sentencing. Accordingly, the trial court issued a bench warrant for Appellant.

---

[4] The Honorable John F. Wagner presided over Appellant's trial and sentencing.

After Appellant was located, the trial court lifted the bench warrant, revoked Appellant's bond, and rescheduled the sentencing hearing to take place on August 3, 2023. For the aggravated assault conviction, the trial court sentenced Appellant to 42 to 84 months in prison, with credit for time served. The court also directed the sentence to run concurrently with the sentence imposed at No. 2333-2019. For the simple assault and harassment convictions, the trial court entered a finding of guilt without further penalty.

During the hearing, the trial court also granted Attorney Shaffer's oral motion to withdraw from representation and appointed the Public Defender of Fayette County to represent Appellant.[5]

After receiving an extension of time, Appellant filed a post-sentence motion on August 21, 2023. Appellant explained his failure to appear at trial was the result of a mental health emergency. Appellant's motion included a letter from a Chestnut Ridge Center therapist indicating Appellant was admitted to the center for in-patient treatment on February 8, 2022. Appellant asserted the court improperly failed to conduct an evidentiary hearing to determine whether his absence was without cause before holding the trial *in absentia*. Appellant also argued the court violated his due process

---

[5] On August 16, 2023, Appellant submitted a *pro se* filing, which the court treated as a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. **See Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013) ("It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief."). The court denied Appellant's *pro se* PCRA petition as prematurely filed.

- 5 -

rights by instructing Attorney Shaffer to represent him at trial despite his affirmatively discharging Attorney Shaffer.

On October 25, 2023, the trial court held a hearing on Appellant's post-sentence motion. Thereafter, the trial judge entered the following order:

> [T]he issues raised by [Appellant] in his motion do not deal with the trial of his case, rather the issues raised related to pretrial actions which were dealt with by other members of this Bench. As other members of the Bench were involved with pretrial hearings and no transcripts of any prior hearings were provided, **this [c]ourt will take no position on the motion.**

Order, 10/26/23 (emphasis added). Appellant filed a notice of appeal on November 17, 2023.

Appellant raises the following issues for review:

> 1. Did the trial court violate Appellant['s] constitutional rights under the Sixth Amendment to the United States Constitution and Pa. Const., Art. 1, § 9 of the Pennsylvania Constitution to be present during his trial by holding his trial *in absentia*?
>
> 2. Whether the trial court violated Appellant's constitutional right to counsel of his own choosing under the Sixth Amendment to the United States Constitution and Pa. Const., Art. 1, § 9 of the Pennsylvania Constitution[,] where the trial court ordered an attorney who had been discharged by Appellant to continue to represent [] Appellant at the trial held *in absentia*?
>
> 3. Whether the trial court erred in failing to grant Appellant's motion to dismiss pursuant to Pa.R.Crim.P. 600(A)(2)(a)?

Appellant's Brief at 4 (some capitalization altered).[6]

---

[6] The Commonwealth did not file an appellee's brief.

As an initial matter, we must determine whether Appellant's judgment of sentence is final and appealable. Appealability implicates this Court's jurisdiction, and we may therefore raise the issue *sua sponte*. ***Commonwealth v. Horn***, 172 A.3d 1133, 1135 (Pa. Super. 2017).

This Court has jurisdiction over appeals from final orders. ***See*** 42 Pa.C.S.A. § 742; Pa.R.A.P. 341(a). It is well settled that in criminal matters, "a defendant may appeal only from a final judgment of sentence…." ***Horn***, 172 A.3d at 1136 (citation omitted). Generally, a defendant must file a notice of appeal within 30 days of the imposition of sentence. Pa.R.Crim.P. 720(A)(3).

However, where, as here, a defendant files a timely post-sentence motion, "the appeal period does not begin to run until the motion is decided." ***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citing Pa.R.Crim.P. 702(A)(2)). Rule 720(A)(2) provides:

> If the defendant files a timely post-sentence motion, the notice of appeal shall be filed: (a) within 30 days of the entry of the order deciding the motion; (b) within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion; or (3) within 30 days of the entry of the order memorializing the withdrawal in case in which the defendant withdraws the motion.

Pa.R.Crim.P. 720(A)(2) (formatting modified).

Instantly, Appellant sought and was granted an extension of time to file a post-sentence motion. Appellant timely filed his post-sentence motion before the due date specified by the trial court. We now turn to the scenarios

set forth in Rule 720(A)(2)(a) and (b)[7] to determine whether Appellant's notice of appeal was properly filed.

Regarding subsection (a), the trial court did not expressly grant or deny Appellant's post-sentence motion. Instead, the trial court's order stated, "**this [c]ourt will take no position on the motion.**" Order, 10/26/23 (emphasis added). Because the trial court declined to rule on the merits of Appellant's motion, we conclude the October 26, 2023, order was not an "order deciding the motion" for purposes of Rule 720(A)(2)(a).

As to subsection (b), the trial court did not deny Appellant's post-sentence motion by operation of law. Generally, a trial court must decide a post-sentence motion within 120 days of its filing. Pa.Crim.P. 720(B)(3)(a). "If the judge fails to decide the motion within 120 days … the motion shall be deemed denied by operation of law." *Id.*; *see also* Pa.R.Crim.P. 720(B)(3)(c) ("When a post-sentence motion is denied by operation of law, the clerk of courts **shall** forthwith enter an order on behalf of the court, and … **shall** serve a copy of the order" on the parties (emphasis added)).

Appellant filed his post-sentence motion on August 21, 2023. The trial court had 120 days (until December 19, 2023) in which to decide the motion.

---

[7] It is clear from the face of the record that Appellant never withdrew his post-sentence motion. *Cf.* Pa.R.Crim.P. 720(A)(2)(c).

Appellant filed the instant appeal before the expiration of the 120-day period,[8] and, as we have determined, without an express ruling on the motion. The comments to Rule 720 explicitly provide, "[n]o direct appeal may be taken by a defendant while his … post-sentence motion is pending." Pa.R.Crim.P. 720, cmt.

Based upon the foregoing, we conclude Appellant's judgment of sentence is not yet final. **See id.** ("[O]n the date when the court disposes of the motion, or the date when the motion is denied by operation of law, the judgment becomes final for the purposes of appeal."); **see also Commonwealth v. Borrero**, 692 A.2d 158, 160 (Pa. Super. 1997) (quashing as interlocutory an appeal filed while the appellant's timely-filed post-sentence motion was pending before the trial court).[9] Accordingly, we are compelled to quash the appeal.

Moreover, Appellant's premature appeal did not divest the trial court of jurisdiction over his post-sentence motion. **See Borrero**, 692 A.2d at 160 n.4. In such cases, "the proper remedy is for this Court to quash the appeal, relinquish jurisdiction, and remand for the trial court to consider the post-

---

[8] The 120-day period for deciding the post-sentence motion has since expired. Nevertheless, there is no order denying Appellant's motion by operation of law on the docket, as required by Pa.R.Crim.P. 720(B)(3)(c); **see also id.**, cmt. We cannot regard the appeal as having been filed within 30 days of the date on which Appellant's motion could have been denied by operation of law.

[9] **Borrero** considered the appellant's claim under prior Rule 1410 (now 720).

sentence motion *nunc pro tunc*." **Commonwealth v. Thompson**, 1413-1415 WDA 2022, 2024 WL 2781993 (Pa. Super. filed May 30, 2024) (unpublished memorandum at 4).[10]  As we stated *supra*, the trial court entered an order declining to take any action on Appellant's motion.  **Cf. Borrero**, 692 A.2d at 160 n.4 (noting the reason for the trial court's failure to act on the appellant's post-sentence motion was unclear from the record).

In sum, we quash the appeal, remand the matter for disposition of Appellant's post-sentence motion, and relinquish jurisdiction.  We further direct the Prothonotary to remove the above-captioned case from the A18-2024 argument panel.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/6/2024

---

[10]  **See** Pa.R.A.P. 126(b) (providing unpublished non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).