J-S13039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEAN EVAN LEON | : | |
| | : | |
| Appellant | : | No. 927 MDA 2024 |

Appeal from the Judgment of Sentence Entered April 30, 2024
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000831-2022

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED MAY 14, 2025**

Appellant Dean Evan Leon appeals from the judgment of sentence imposed following his convictions for involuntary deviate sexual intercourse (IDSI) and related offenses. On appeal, Appellant challenges the sufficiency of the evidence supporting his convictions. Following our review of the record, we are constrained to quash this appeal as untimely.

The underlying facts and procedural history of this matter are well known to the parties. Briefly, Appellant was arrested and charged with multiple offenses based on allegations that he sexually abused his minor stepdaughter sometime between 2007 and 2013. Following a jury trial in January of 2024, Appellant was convicted of IDSI, aggravated indecent assault, corruption of minors, and indecent assault.[1] On April 30, 2024, the

---

[1] 18 Pa.C.S. §§ 3123(a)(7), 3125(a)(8), 6301(a)(1), and 3126(a)(8), respectively.

trial court sentenced Appellant to an aggregate term of sixteen to thirty-two years and nine months of incarceration. Appellant was represented by Arla M. Waller, Esq. of the Cumberland County Public Defender's Office at trial and for purposes of appeal.

On May 7, 2024, Appellant filed a *pro se* notice of appeal.[2] Two days later, on May 9, 2024, Attorney Waller filed an application to withdraw the appeal. This Court discontinued the initial appeal, which was docketed at 636 MDA 2024, on May 21, 2024. The following day, Attorney Waller filed an untimely post-sentence motion, which the trial court ultimately denied on June 12, 2024.[3] **See** Post-Sentence Mot., 5/22/24.

On June 28, 2024, Attorney Waller filed a notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On July 5, 2024, this Court issued a rule to show cause as to why the instant appeal should not be quashed as untimely. Specifically, this Court noted that although Appellant was sentenced on April 30, 2024, his notice of appeal was not docketed until June 28, 2024. Attorney Waller filed a response

---

[2] Although Appellant was represented by counsel when he filed his *pro se* notice of appeal, the general prohibition against hybrid representation does not apply to a timely *pro se* notice of appeal. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (explaining that because a notice of appeal protects constitutional rights, it is distinguishable from other filings that require counsel, and this Court is required to docket a *pro se* notice of appeal despite the appellant being represented by counsel).

[3] The record does not reflect that Attorney Waller requested leave to file a post-sentence motion *nunc pro tunc*.

indicating that she filed the post-sentence motion after this Court discontinued the appeal at Docket No. 636 MDA 2024 and that the motion should have been treated as a request for *nunc pro tunc* relief. **See** Resp. to Rule to Show Cause, 12/26/24, at 3. This Court subsequently entered an order discharging the rule to show cause and deferring the issue to the merits panel.

Initially, we must determine whether we have jurisdiction over this appeal. **See Commonwealth v. Horn**, 172 A.3d 1133, 1135 (Pa. Super. 2017) (stating that appellate courts may consider the issue of jurisdiction *sua sponte*). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." **Commonwealth v. Green**, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*). In general, where a "defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence." Pa.R.Crim.P. 720(A); **see also** Pa.R.A.P. 903; **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015)

A post-sentence motion must be filed within 10 days of the imposition of sentence to be considered timely.[4] Pa.R.Crim.P. 720(A). It is well settled that "[a]n untimely post-sentence motion does not toll the appeal period." **Capaldi**, 112 A.3d at 1244. However, post-sentence motions *nunc pro tunc* may toll the appeal period if two conditions are met. **Id.** (citing **Commonwealth v. Dreves**, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en*

---

[4] The two exceptions to this general rule apply to after-discovered evidence claims and appeals in summary cases. **See** Pa.R.Crim.P. 720(A)(1). Neither situation applies to this case.

*banc*)). "First, within 30 days of [the] imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*. . . . Second, the trial court must **expressly permit** the filing of a post-sentence *motion nunc pro tunc*, also within 30 days of [the] imposition of sentence." **Id.** (emphasis in original). Even if the trial court rules on the merits of the untimely post-sentence motion, "[i]f the trial court fails to expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended" and such an appeal is untimely **Id.** at 1244-45.

Here, Attorney Waller filed a post-sentence motion on May 22, 2024, twenty-two days after Appellant's sentence was imposed, and twelve days after the expiration of the standard amount of time to file such motions. Further, the record confirms that Appellant did not seek *nunc pro tunc* relief from the trial court and that the trial court did not expressly grant such relief on Appellant's behalf. Therefore, Appellant's post-sentence motion was untimely. **See id.** at 1244-45.

Further, because Appellant's post-sentence motion was untimely, it did not toll the thirty-day period in which Appellant was required to file a timely notice of appeal. Pa.R.Crim.P. 720(A); **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015). Accordingly, the June 28, 2024 notice of appeal, filed fifty-nine days after the imposition of Appellant's sentence, was untimely. **See Capaldi**, 112 A.2d at 1245. For these reasons, this Court is without jurisdiction to consider the merits and is constrained to quash the appeal. **Id.**

Appeal quashed.  Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/14/2025