J-S06029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAYVOHN BROWN | : | |
| | : | |
| Appellant | : | No. 1109 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 21, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003547-2018

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 18, 2021**

Appellant Trayvohn Brown appeals from the judgment of sentence imposed after he pled guilty to aggravated assault and endangering the welfare of a child (EWOC).[1]  Appellant challenges the discretionary aspects of his sentence.  We affirm.

We adopt the trial court's summary of the factual history relevant to this appeal. *See* Trial Ct. Op., 8/24/20, at 1-2.  Briefly, on March 25, 2020, Appellant entered an open guilty plea to aggravated assault and EWOC.  The Commonwealth withdrew all other pending charges.  The trial court deferred sentencing for the preparation of a pre-sentence investigation (PSI) report and a mental health evaluation.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a) and 4304(a)(1), respectively.

The trial court held a sentencing hearing on October 21, 2019. Micah Shender, Esq. of the Defender Association represented Appellant in this matter. The Commonwealth read into the record a victim impact statement from H.T., the victim's mother. N.T. Sentencing, 10/21/19, at 7-10. Attorney Shender argued that based on his prior history, emotional issues, and alcohol abuse, Appellant was in need of help. *Id.* at 11-16. Appellant presented three friends and family members as character witnesses. *Id.* at 16-23. Appellant took responsibility for his actions and expressed his regret to both the victim's family and to his own. *Id.* at 28. The Commonwealth correctly stated that the standard range sentence under the sentencing guidelines for aggravated assault was eighty-four to 102 months, plus or minus twelve months and that the standard range sentence for EWOC was twenty-seven to forty months plus or minus six months. *Id.* at 28. Appellant did not object to Commonwealth's calculation of the sentencing guideline ranges. The trial court also noted it considered Appellant's PSI. *Id.* at 29. Ultimately, the trial court sentenced Appellant to a term of ten to twenty years' incarceration for aggravated assault, and a consecutive term of three-and-one-half to seven years' incarceration for EWOC. *Id.* at 29.

The trial court then revoked Appellant's probation and resentenced Appellant in a separate violation of probation (VOP) case. Separate counsel,

Attorney Cacciamani,[2] represented Appellant in the VOP case. *Id.* at 23, 29-30.

At the conclusion of the sentencing hearing, the trial court advised Appellant of his post-sentence and appellate rights as follows: "[t]en days to ask me to modify, [thirty] days to take an appeal. All motions must be in writing. If you cannot afford an attorney, we'll give one free of charge."[3] *Id.* at 30.

On October 31, 2019, Appellant filed a *pro se* motion for reconsideration or reduction of sentence arguing that the trial court erred by imposing a sentence above the guidelines and failing to properly weigh mitigating circumstances. At the time Appellant filed his *pro se* post-sentence motion, Attorney Shender remained counsel of record for Appellant.

Attorney Shender then filed a counseled post-sentence motion captioned as a "supplemental post-sentence motion" on November 14, 2019, arguing that the trial court (1) abused its discretion by not stating adequate reasons on the record for imposing sentences above the sentencing guidelines range, (2) failed to consider mitigating circumstances, (3) failed to consider Appellant's rehabilitative needs, (4) imposed a manifestly unreasonable and

---

[2] Ms. Cacciamani's first name does not appear in the certified record. Appellant did not appeal the sentence in the VOP case.

[3] The trial court repeated this advisement verbatim after a discussion between the trial court and the Commonwealth about a staggered exit from the courthouse for a Commonwealth witness. N.T. Sentencing, 10/21/19, at 31.

excessive overall sentence, and (5) failed to state reasons on the record for imposing consecutive sentences.

On February 28, 2020, the trial court denied Appellant's post-sentence motions by operation of law. Appellant filed a notice of appeal on April 3, 2020. Appellant complied with Pa.R.A.P. 1925(b), and the trial court filed a responsive opinion.

On appeal, Appellant raises a single issue: "Are not the individual sentences as well as the aggregate sentence of thirteen-and-one-half to twenty-seven years of incarceration manifestly excessive and unreasonable where the trial court exceeded the guidelines and imposed consecutive sentences while failing to properly consider [Appellant's] considerable mitigation and capacity for rehabilitation?" Appellant's Brief at 3.

Before reaching the merits, we must first determine whether we have jurisdiction over this appeal. *See Commonwealth v. Horn*, 172 A.3d 1133, 1135 (Pa. Super. 2017) (stating that appellate courts may consider the issue of jurisdiction *sua sponte*). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." *Commonwealth v. Green*, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (citation omitted). "In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court." Pa.R.A.P. 903(c)(3).

"[T]he time for filing an appeal can be extended beyond [thirty] days after the imposition of sentence only if the defendant files a timely post-

- 4 -

sentence motion." ***Green***, 862 A.2d at 618; ***see also*** Pa.R.Crim.P. 720(A)(2) (stating a notice of appeal shall be filed within thirty days of the post-sentence motion being denied or withdrawn). Pa.R.Crim.P. 720(A)(1) requires that post-sentence motions be filed within ten days of the imposition of sentence. It is well-established that untimely post-sentence motions do not toll the thirty day appeal period. ***See Green***, 862 A.2d at 618.

Our courts do not permit hybrid representation. Generally, when a counseled defendant files a *pro se* document, courts do not act on the filing, but instead note it on the docket and forward a copy to counsel. ***See*** Pa.R.Crim.P. 576(A)(4); ***Commonwealth v. H. Williams,*** 151 A.3d 621, 623 (Pa. Super. 2016) (citation omitted) (noting this Court "will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities"). Accordingly, a *pro se* document filed when a defendant is counseled generally will not toll the time for taking an appeal. ***See H. Williams***, 151 A.3d at 623 (citing Pa.R.Crim.P. 576, Comment). However, this Court has recognized that a breakdown in the operations of the trial court may occur when there is confusion about who would file post-sentence motions on a defendant's behalf. ***See Commonwealth v. Leatherby***, 116 A.3d 73, 78-79 (Pa. Super. 2015).

Here, the trial court advised Appellant that he had a right to ask the trial court to modify his sentence within ten days and a right to appeal within thirty days. N.T. Sentencing at 30. The trial court also informed Appellant that if he could not afford an attorney, one would be appointed for him. ***Id.***

- 5 -

However, the trial court did not indicate if Attorney Shender would continue to represent Appellant in this matter, or if the trial court would appoint new counsel.

Under the circumstances of this case, we conclude that a breakdown in the operation of the court occurred because the trial court's statement of Appellant's post-sentence and appellate rights was unclear as to who would file post-sentence motions on Appellant's behalf. **See Leatherby**, 116 A.3d at 78. Therefore, we decline to hold that Appellant's *pro se* post-sentence motion, which was timely filed, was a nullity under the circumstances of this case. **See id.** Moreover, Appellant's counsel filed a supplemental post-sentence motion, and Appellant thereafter timely filed his notice of appeal from the order denying his post-sentence motions pursuant to the extensions related to the COVID-19 pandemic.[4] Accordingly, we proceed to the merits of Appellant's claims.

Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 18-28. Appellant contends the trial court abused its

---

[4] On March 16, 2020, the Pennsylvania Supreme Court declared a general, statewide judicial emergency due to the COVID-19 pandemic. **See In re: General Statewide Judicial Emergency**, 228 A.3d 1281 (Pa. filed 2020) (*per curiam*). As part of the statewide judicial emergency due to the COVID-19 pandemic, the Supreme Court suspended nearly all filing deadlines, and ordered that all "legal papers or pleadings . . . which are required to be filed between March 19, 2020, and May 8, 2020, generally shall be deemed to have been filed timely if they are filed by close of business on May 11, 2020." **In re: General Statewide Judicial Emergency**, 230 A.3d 1015 (Pa. 2020) (*per curiam*) (emphasis omitted). Therefore, Appellant's notice of appeal, which normally would have been due on March 30, 2020, was timely filed on April 3, 2020.

discretion by imposing a manifestly excessive, clearly unreasonable, and disproportionate overall sentence. *Id.* at 18-21, 27-28. Specifically, Appellant claims that the individual sentences for aggravated assault and EWOC are clearly unreasonable. *Id.* at 21-24, 27-28. Appellant additionally claims his aggregate sentence is unreasonable because the trial court ran the sentences for the two counts consecutively. *Id.* at 22-23, 27-28. Appellant additionally argues the trial court erred by not considering the mitigation evidence presented and Appellant's potential for rehabilitation. *Id.* at 24-28.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted). Before reaching the merits of a discretionary aspects issue, this Court must conduct a four-part test to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his or her issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

*Commonwealth v. F. Williams*, 198 A.3d 1181, 1186 (Pa. Super. 2018) (citation and brackets omitted). "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted).

Instantly, as discussed previously, Appellant has timely filed a notice of appeal, and preserved his issues in his post-sentence motions. *See F. Williams*, 198 A.3d at 1186. Additionally, Appellant has included a Rule 2119(f) statement in his brief. *See id.* We further conclude that Appellant has raised substantial questions for our review. *See Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005) (determining that the defendant raised a substantial question where the defendant claimed that sentencing court imposed a manifestly excessive sentence, failed to consider mitigating factors, and focused solely on the serious nature of the offenses). Therefore, we will address Appellant's claim.

Our review is governed by the following principles:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

> When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but it [is] not bound by the Sentencing Guidelines. The court may deviate from the recommended guidelines; they are merely one factor among many that the court must consider in imposing a sentence. A court may depart from the guidelines if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. When a court chooses to depart from the guidelines however, it must demonstrate on the record, as a proper starting point, his awareness of the

sentencing guidelines. Further, the court must provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines.

When reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable. An appellate court must vacate and remand a case where it finds that the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citations omitted and formatting altered). The inquiry into the reasonableness of a sentence is difficult to define. *Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007).

When reviewing the record, 42 Pa.C.S. § 9781 requires that we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

"A sentence may be found to be unreasonable after review of Section 9781(d)'s four statutory factors. . . ." *Walls*, 926 A.2d at 964. Additionally, a sentence may also be unreasonable if it was imposed "without express or implicit consideration" of the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community as required by 42 Pa.C.S.

§ 9721(b). *Id.* Where a PSI exists, we "presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* at 967 n.7.

> This Court has held:
>
> Where the trial court deviates substantially from the sentencing guideline range it is especially important that the court consider all factors relevant to the determination of a proper sentence. Such factors justifying an upward departure, however, may not include those already taken into account in the guidelines' calculations.

*Commonwealth v. Messmer*, 863 A.2d 567, 573 (Pa. Super. 2004) (citations omitted and formatting altered). This Court should not reweigh the proper sentencing factors considered by the trial court and impose our own judgment in the place of the trial court. *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009).

Here, based on our review of the record, we discern no abuse of discretion by the trial court. *See Sheller*, 961 A.2d at 190. The trial court possessed a PSI, therefore we presume that it was aware of and weighed mitigating factors. *See Walls*, 926 A.2d at 967 n.7. The trial court thoroughly addressed the factors it considered when imposing Appellant's sentences for aggravated assault and EWOC and for running the sentences consecutively. *See* N.T. Sentencing, 10/21/19, 28-29; Trial Ct. Op. at 4-6. Therefore, we affirm on the basis of the trial court's analysis of this issue. *See* Trial Ct. Op. at 4-6.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2021