J-S25011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JESSIE NELSON HODGES :
:
Appellant : No. 196 WDA 2022

Appeal from the Judgment of Sentence Entered January 3, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000092-2021

BEFORE: BENDER, P.J.E., DUBOW, J., and KING, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED: AUGUST 19, 2022**

Appellant, Jessie Nelson Hodges, appeals from the judgment of sentence of 6 months' probation, imposed after he pled guilty to a misdemeanor charge of harassment, 18 Pa.C.S. § 2709(a)(1). On appeal, Appellant seeks to assert that his guilty plea was not knowing, intelligent, and voluntary. Additionally, his counsel, Tina M. Fryling, Esq., has petitioned to withdraw her representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The facts of Appellant's conviction are not pertinent to our disposition of his present appeal. We need only note that Appellant pled guilty to the above-stated offense on January 3, 2022, in exchange for an additional charge of simple assault being *nolle prossed* by the Commonwealth. Appellant was

sentenced that same day to the term stated *supra*. During his plea and sentencing proceedings, Appellant was represented by Tyler Lindquist, Esq.

On January 5, 2022, Appellant filed a *pro se* motion to withdraw his guilty plea, simply stating therein that he "is now withdrawing his guilty plea pursuant to his [ten] day right to withdraw *pro se* or by counsel." *Pro Se Motion to Withdraw Guilty Plea*, 1/6/22, at 1 (single page). Appellant offered no reason(s) for seeking to withdraw his plea. The docket indicates that Appellant's motion was served on Attorney Lindquist on January 7, 2022, but he took no action on Appellant's behalf. The court thereafter ordered the Commonwealth to respond to Appellant's motion within 14 days, which the Commonwealth did on January 18, 2022. The Commonwealth indicated that it served its response on Attorney Lindquist.

On January 19, 2022, the court issued an order denying Appellant's motion to withdraw his guilty plea. While the order was served on Attorney Lindquist, he again took no action on Appellant's behalf. The court's order also did not inform Appellant of his right to appeal and the time limits within which his appeal must be filed, or that he had the right to the assistance of counsel in the preparation of his appeal. *See* Pa.R.Crim.P. 720(B)(4).

Appellant filed a *pro se* notice of appeal on February 15, 2022. On February 17, 2022, the court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. It served that order only on the Commonwealth and Appellant, not on Attorney Lindquist. On February 22, 2022, Appellant filed a *pro se* motion for the

- 2 -

appointment of counsel, after which Attorney Lindquist filed a motion to withdraw as counsel. Therein, counsel stated that he was "requesting to withdraw from this case due to the fact that [Appellant] has been filing *pro se* motions, and this matter has been through sentencing." Motion to Withdraw as Counsel, 2/25/22, at 1 (single page).

On February 28, 2022, the court granted counsel's motion to withdraw and appointed Attorney Fryling to represent Appellant in this appeal. The court also issued a new order for a Rule 1925(b) statement, which Attorney Fryling subsequently filed, preserving the following issue for our review: "[Appellant] argues that his guilty plea in this case was not entered knowing[ly], willingly, or voluntarily and/or he requested to withdraw his plea within ten (10) days of entering, and that he was informed by his attorney at the time of his plea that he could do so." Pa.R.A.P. 1925(b) Statement, 3/25/22, at 1 (unnumbered). The trial court filed a Rule 1925(a) opinion on April 5, 2022.

On May 16, 2022, Attorney Fryling filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an *Anders* brief, concluding that the issue set forth in Appellant's Rule 1925(b) statement is frivolous, and that there are no other, non-frivolous issues he could pursue herein. Generally, we would begin our assessment of Appellant's appeal by reviewing counsel's petition to withdraw. However, here, we must preliminarily determine whether Appellant's appeal is properly before us. *See Commonwealth v. Horn*, 172 A.3d 1133, 1135 (Pa. Super. 2017)

(stating that appellate courts may consider the issue of jurisdiction *sua sponte*).

"Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." ***Commonwealth v. Green***, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (citation omitted). "In order to perfect a timely appeal, a defendant must file a notice of appeal within [thirty] days of the imposition of his sentence, unless he files a timely post-sentence motion within [ten] days of sentencing, thereby tolling that [thirty]–day window." ***Commonwealth v. Leatherby***, 116 A.3d 73, 78 (Pa. Super. 2015) (citations omitted). However, "[i]f no timely post-sentence motion is filed, the defendant's appeal period begins to run from the date sentence is imposed." Pa.R.Crim.P. 720, cmt.

In this case, Appellant was sentenced on January 3, 2022, and his notice of appeal was not filed until February 15, 2022. While Appellant filed a timely, post-sentence motion, he did so *pro se*, even though he was still represented by Attorney Lindquist.

> In this Commonwealth, hybrid representation is not permitted. ***See Commonwealth v. Jette***, … 23 A.3d 1032, 1036 ([Pa.] 2011) (concluding that a petitioner's *pro se* motion for remand when that petitioner is represented by counsel is impermissible as hybrid representation). Accordingly, this Court will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities. ***See Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007) (discussing a *pro se* post-sentence motion filed by a petitioner who had counsel). ***When a counseled defendant files a pro se document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken. Moreover, a pro se filing has no tolling***

- 4 -

> *effect.* *See* Pa.R.Crim.P. 576 cmt. ("The requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response.").

*Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016) (emphasis added).

However, this Court has recognized that where a defendant is effectively abandoned by his counsel and the trial court fails to appoint new counsel in a timely manner, a counseled defendant's *pro se* filing "does not offend considerations of hybrid representation." *Leatherby*, 116 A.3d at 79. In *Leatherby*, the defendant instructed his private attorney to file a post-sentence motion to preserve his rights, but requested that the trial court appoint new counsel for purposes of his appeal. *Id.* at 78. After the defendant's private attorney failed to file a post-sentence motion, the defendant filed a timely, *pro se* post-sentence motion. *Id.* On appeal, this Court stated that "there was, at a minimum, confusion as to who would file post-sentence motions on [the defendant's] behalf" and "that for the ten days following his sentencing, he was unrepresented and, accordingly, he was required to preserve his own rights." *Id.* Ultimately, we declined to quash the appeal, holding that the defendant "should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court." *Id.* at 79.

Presently, Appellant filed his *pro* se, post-sentence motion to withdraw his guilty plea on January 5, 2022, which the docket indicates was served on Attorney Lindquist. Therein, Appellant declared that he "is now acting *pro se*"

and asked the court "to allow [him] *pro se* to withdraw his plea in this case…." *Pro Se* Post Sentence Motion at 1 (single page). Despite Appellant's essentially indicating that he wished to proceed *pro se*, the court did not conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). The court also acted on the motion by directing the Commonwealth to file a response, and then subsequently denying the motion on its merits. All this occurred without any action by Attorney Lindquist, who did not file a petition to withdraw until after Appellant filed his *pro se* notice of appeal. It appears from the statements made in Attorney Lindquist's petition to withdraw that he believed his representation of Appellant had ended because Appellant had "been through sentencing" and was "filing *pro se* motions…." Motion to Withdraw as Counsel at 1 (single page).

In light of this record, we decline to quash Appellant's facially untimely appeal. Appellant filed his *pro se* motion to withdraw his plea just two days after he was sentenced, giving Attorney Lindquist eight days to timely file a counseled, post-sentence motion and toll the thirty-day window for filing a notice of appeal. Alternatively, counsel could have filed a motion to withdraw. Instead, Attorney Lindquist took no action on Appellant's behalf until after Appellant filed his *pro se* notice of appeal. We conclude that counsel effectively abandoned Appellant.

Additionally, the court also erred by not conducting a **Grazier** hearing, or appointing Appellant new counsel, after he filed his post-sentence motion indicating that he wished to proceed *pro se*. The court also improperly acted

on Appellant's *pro se* motion to withdraw his plea by directing the Commonwealth to respond to it, and then denying the motion, as though it had been validly filed *pro se* even though Appellant was still technically represented by counsel. Given this breakdown by the court, and the fact that Appellant was effectively abandoned by counsel and had to preserve his own post-sentence motion and appellate rights, we decline to quash this appeal.

Next,

this Court must … pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, Attorney Fryling's *Anders* brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claim, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Attorney Fryling also attached to her petition to withdraw a letter directed to Appellant, in which counsel stated that she enclosed a copy of her *Anders* brief, and she informed Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Appellant seeks to argue that his guilty plea was not knowing, intelligent, and voluntary because he incorrectly believed that he would be automatically permitted to withdraw his plea if he wished, but when he filed

his *pro se* motion to do so following his sentencing hearing, the court denied that motion. According to Attorney Fryling, Appellant's

> argument that he should have been able to withdraw his plea seems to be based on the fact that during the Commonwealth's reading of his rights prior to the judge['s] entering the courtroom, the attorney for the Commonwealth stated: "First is that you will have the right to file a post-sentence motion, which would include a challenge to your guilty plea or a request for modification of your sentence." ([N.T.] Plea/Sentencing[, 1/3/22,] at 4). Appellant also asserts that his counsel had told him he could withdraw the plea….

*Anders* Brief at 3.

Appellant sought to withdraw his guilty plea after his sentence was imposed. In *Commonwealth v. Broaden*, 980 A.2d 124 (Pa. Super. 2009), we summarized the principles governing post-sentence motions to withdraw pleas, as follows:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

*Id.* at 129 (citations omitted). "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017).

Instantly, the trial court found that Appellant "stated no cognizable grounds" for withdrawing his guilty plea. Trial Court Opinion, 4/5/22, at 1 (single page). We agree. As discussed *supra*, in his *pro se* post-sentence motion to withdraw, Appellant offered no basis for wanting to withdraw his plea, instead simply stating that he was withdrawing it. On appeal, Attorney Fryling explains that Appellant wishes to withdraw his plea because he incorrectly believed he would be automatically entitled to do so. He points to comments by the Commonwealth at the outset of the plea proceeding, and allegedly erroneous advice by Attorney Lindquist during the plea/sentencing process, that led him to this inaccurate belief.

Even had Appellant raised this specific argument in his *pro se* post-sentence motion, we agree with Attorney Fryling that the court would not have granted his request to withdraw his guilty plea. The Commonwealth's statements of Appellant's post-sentence and appellate rights at the outset of the plea/sentencing proceeding were legally correct. **See** N.T. Plea/Sentencing, at 4-6. Notably, the Commonwealth informed Appellant that he had the right to file a post-sentence motion to withdraw his plea within ten days of his sentencing date, and that if the court did not rule on it within 120 days, it would be "automatically considered denied," from which Appellant would then have 30 days to file an appeal. **Id.** at 4, 5. The Commonwealth also informed Appellant that he was entitled to appointed counsel during the post-sentence and appellate process, and that if he had any questions, Attorney Lindquist would "be able to explain this to you." **Id.** at 6. Nothing

in the Commonwealth's remarks indicated that a motion to withdraw the plea would be automatically granted.

Moreover, to the extent Appellant incorrectly believed he was entitled to automatically withdraw his plea because of inaccurate advice by Attorney Lindquist, that argument sounds in ineffective assistance of counsel, which must be raised on collateral review. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (reaffirming the holding in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that, absent certain limited exceptions, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546)).

For these reasons, we agree with Attorney Fryling that it would be frivolous for her to argue on appeal that the trial court erred by denying Appellant's post-sentence motion to withdraw his guilty plea. Additionally, our review of the record reveals no other, non-frivolous claims that Appellant could assert herein. Accordingly, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/19/2022