**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RENEE SEGER | : | |
| | : | |
| Appellant | : | No. 438 WDA 2022 |

Appeal from the Order Entered March 16, 2022
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000529-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RENEE SEGER | : | |
| | : | |
| Appellant | : | No. 439 WDA 2022 |

Appeal from the Order Entered March 16, 2022
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000039-2020

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: MAY 15, 2023**

Appellant, Renee Seger, purports to appeal from the judgment of sentence imposed on December 16, 2021, but has actually appealed from orders entered on March 16, 2022.[1]  Appointed counsel has filed a petition to

---

[1]  As established within, we conclude that Appellant has appealed from interlocutory orders.  We have amended the captions.

withdraw and a brief.[2]  For the reasons that follow, we conclude that the March 16, 2022 orders were a mere clarification of the trial court's sentencing order.  Because the time for appealing Appellant's judgment of sentence had elapsed, the orders are interlocutory, and we quash Appellant's appeals.  We therefore deny counsel's application to withdraw as moot.

This case presents an unusual procedural posture.  Appellant was charged at docket CP-42-CR-0000529-2019 with twenty-two counts, including one count of possession with intent to deliver (PWID), 35 P.S. § 780-113(a)(30).  At docket CP-42-CR-0000039-2020, Appellant was charged with possession of paraphernalia, 35 P.S. § 780-113(a)(32).

The plea and sentencing transcripts were not ordered and are not part of the certified record.[3]  However, the trial court's opinion and Appellant's filings establish the material points.  Appellant accepted a negotiated guilty plea of 15 to 30 months' incarceration on July 23, 2021, to one count of PWID and the paraphernalia charge.  On September 8, 2021, Appellant filed a motion to continue sentencing, stating that the Commonwealth agreed to recommend to the trial court that the sentence be imposed concurrently to any sentence imposed at three criminal cases pending in the Potter County

---

[2] *See Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

[3]  "[T]he duty to ensure the certified record contains all the facts and documents necessary for our review lies with the appellant." *Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008).

Court of Common Pleas. As stated in the motion to postpone, Appellant wished to defer sentencing until those cases were resolved:

> Other material terms of the plea agreement are that (1) the Commonwealth would not oppose [Appellant] being placed in the State Drug Treatment Court Program, and (2) the Commonwealth would recommend that [Appellant]'s sentences in [these cases] be run concurrent to any sentence at Potter County Case Numbers[] 112 CR 2021, 152 CR 2020 and 220 CR 2020.
>
> . . . .
>
> [Appellant] has not yet been sentenced in Potter County [and] … there is no Potter County sentence to which the McKeane County sentence will be run concurrently.

Motion to Continue Sentencing, 9/8/21, at 1-2.

Appellant was sentenced in Potter County on October 27, 2021. Sentencing at the instant two dockets took place on December 16, 2021, with the trial court memorializing the sentence in a written order docketed on December 20, 2021. That order did not indicate whether the sentences were consecutive or concurrent in nature.

Appellant filed a timely post-sentence motion, requesting that the trial court reconsider its decision to impose the sentences consecutively. By order entered January 6, 2022, the trial court denied the post-sentence motion and explicitly referenced its intent to sentence Appellant consecutively. Appellant, however, did not file an appeal within thirty days of that order.[4]

---

[4] Appellant was required to file the post-sentence motion on or before December 26, 2021, which was a Sunday. Therefore, Appellant was required to file the motion on the following Monday, December 27. *See* 1 Pa.C.S. § 1908 (stating that if the last day in a time period falls on a weekend or holiday,

*(Footnote Continued Next Page)*

- 3 -

The next relevant filing was docketed on March 16, 2022. This order explains that the Department of Corrections ("DOC") "sent an inquiry to the court as to whether the [sentence] in this case was to run consecutive or concurrent to the sentence [Appellant] is currently serving in Potter County[.]" Order, 3/15/22 (single page). The order concludes by stating "the sentence … [is] to run consecutive to all other terms and numbers." *Id.* (unnecessary capitalization omitted). Appellant filed separate notices of appeal at each docket from this order, on the theory that the trial court amended her criminal sentence. *See* Notice of Appeal, 4/18/22 ("[Appellant] hereby appeals … the Amended Sentencing Order dated March 1[6], 2022.").[5] This Court consolidated the appeals *sua sponte* on August 1, 2022.

Appellant's characterization of this order is crucial to our jurisdiction, which we may consider *sua sponte*. *Commonwealth v. Yarris*, 731 A.2d 581, 587 (Pa. 1999). "As we have explained, prior to reaching the merits of any appeal, this Court must 'first ascertain whether the [order appealed from] is properly appealable.'" *Commonwealth v. Horn*, 172 A.3d 1133, 1135 (Pa. Super. 2017) (quoting *Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa. Super. 1997) (bracketing in original)). The parties treat this as an appeal

_____

that day is omitted from the computation). Due to the Christmas holidays, the court offices may have been closed on Monday, December 26. We opt to consider the motion timely for purposes of our disposition as the appeal must be quashed regardless.

[5] The thirtieth day was Good Friday, April 15, 2022, which was an observed holiday. Thus, the notice of appeal was timely as it was filed on the following Monday.

from Appellant's judgment of sentence, which in this case was made final by the denial of post-sentence motions. ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (citing ***Commonwealth v. Chamberlain***, 658 A.2d 395, 397 (Pa. Super. 1995)). Thus, Appellant was required to file an appeal within thirty days of January 6, 2022.

We now address the effect of the March 16, 2022 order from which Appellant has appealed. In making our assessment, we examine a similar case, ***Commonwealth v. Borrin***, 12 A.3d 466 (Pa. Super. 2013) (*en banc*), ***aff'd***, 80 A.3d 1219 (Pa. 2013) (OAJC), where Borrin entered an open guilty plea to twenty counts. At sentencing, the trial court orally imposed a sentence of incarceration at count one and then declared that several other periods of incarceration were "consecutive" to that count but did not specify whether each of those terms was consecutive to each other or merely consecutive to count one (and thus concurrent to each other). Adding to the confusion, the court declared that several periods of probation were "consecutive to each other." ***Id.*** at 468. The next day, the court entered a handwritten sentencing order stating that the periods of incarceration were "consecutive to count [one]," again specifying that the periods of probation were "consecutive to each other and count [one]." ***Id.*** at 469. Neither party sought clarification within the applicable time periods, and Borrin did not appeal.

Approximately two years later, the DOC sent a letter stating that Borrin had sought prerelease and asked for the judge's input. The trial court responded by sending a letter stating that the sentencing order was incorrect.

- 5 -

The Commonwealth then filed a motion asking the trial court to clarify its sentence. This resulted in the trial court "enter[ing] an order sentencing [Borrin]," with the new order making clear that the periods of incarceration were all consecutive to each other. *Id.* at 470.

Borrin appealed. We agreed with Borrin's assertion that the trial judge lacked authority to modify the terms of the original sentencing order. In so concluding, we accepted that the trial court was permitted to issue the order if there were "clear errors in the imposition of sentences that were incompatible with the record…." *Id.* at 473 (quotation marks, emphasis, and citation omitted). By statute, a trial court's jurisdiction to modify an order must occur within thirty days. 42 Pa.C.S. § 5505. However, orders entered after this time period are not barred by Section 5505 if the court is exercising its "inherent power to correct patent errors despite the absence of traditional jurisdiction." *Commonwealth v. Holmes*, 933 A.2d 57, 65 (Pa. 2007). However, this exception is quite limited in scope as "it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power." *Id.* at 66-67. Accordingly, the court may issue an order outside of the thirty-day window that corrects the written terms of the judgment of sentence, provided the error was patent. A corollary to this is that this inherent power does not extend to reconsidering the sentence. That would represent an actual resentencing, which the court cannot do once it loses jurisdiction. *Holmes*, 933 A.2d at 67 ("[T]he inherent power to correct errors

does not extend to reconsideration of a court's exercise of sentencing discretion.").

*Borrin*, like this case, involves a sentencing order that, while not illegal, was arguably incompatible with the record. We explained that "case law has addressed the situations where, as here, the terms of a defendant's sentence as stated at the sentencing hearing conflict (or are deemed incompatible) with the terms of the defendant's sentence as stated in the sentencing order." *Borrin*, 12 A.3d at 473. Applying this principle to Borrin's order, we explained that the trial court's order was lawful only if the "intention to impose a certain sentence [was] obvious on the face of the sentencing transcript." *Id.* The sentencing transcript did not reveal any obvious intent to impose the periods of incarceration consecutive to each other. We concluded that the trial judge's comments were ambiguous, as reflected in the trial judge's statement that the counts of probation were all consecutive to each other. As a result, the trial court's order was vacated.

Two points flow from *Borrin*. First, this Court would have jurisdiction to address the order if it did in fact alter Appellant's sentence as opposed to merely fixing a clerical error in the written order; the authority to issue an order like the one disputed here is premised on the fact that the order does not actually alter the underlying sentence. This means we must examine the order to determine if it exceeded the judge's authority. Second, in the event the trial court did in fact do more than fix a clerical error, we would be required to vacate and direct the trial judge to reinstate the original judgment of

sentence. We would not, however, be permitted to address issues unrelated to this "resentencing," a point borne out by *Commonwealth v. McKeever*, 947 A.2d 782 (Pa. Super. 2008). There, McKeever entered a negotiated plea which he successfully challenged in federal court, with the court determining that several of those convictions were invalid while leaving other counts undisturbed. Upon resentencing, McKeever sought to, *inter alia*, withdraw his guilty plea. On appeal to this Court, McKeever challenged the trial court's failure to permit his withdrawal. We explained that the scope of his direct appeal was limited to only those matters implicated by the resentencing:

> Although [McKeever] successfully challenged his corrupt organizations convictions and sentences successfully in federal court, the remainder of his convictions, each having a distinct sentence, were not disturbed by the Eastern District Court's grant of *habeas corpus* relief or by the trial court when it vacated the corrupt organizations sentences in its resentencing order. Further, while it is correct that [McKeever] had an absolute constitutional right to appeal his judgment of sentence entered after the Eastern District Court's grant of *habeas corpus* relief, in that direct appeal, he was permitted to raise issues pertaining only to the re-sentencing procedure itself; his underlying claims of trial error regarding his non-vacated convictions could not be addressed on direct appeal from re-sentencing.

*Id.* at 785-86 (footnote and citation omitted). Similarly, the scope of any such appeal from the March order, assuming *arguendo* that it did alter Appellant's sentence, would be limited to issues regarding the sentence itself. We could not examine the merits of claims that Appellant could have raised in a timely notice of appeal. In this regard, counsel's *Anders* brief discusses, *inter alia*, whether the underlying plea was valid.

- 8 -

Applying **Borrin**, we conclude that the trial court's March 16, 2022 order was a lawful exercise of the trial court's authority to confirm that the sentences were set consecutively to any existing sentence from Potter County. While there is no sentencing transcript to establish what the trial court stated, it is a modest extension of **Borrin** to conclude that the trial court's intention to impose a certain sentence is clearly evident from something in the record other than the sentencing transcript itself. Indeed, the common law authority is rooted in the obviousness of the error. **Holmes**, 933 A.2d at 66 (explaining that the sentencing order "contained a patent mistake, a fact apparent from a review of the docket without resort to third-party information"). While the sentencing transcript is not available, Appellant's own motion to reconsider establishes that the written order was erroneous; there would be no need to reconsider Appellant's sentence if the court imposed concurrent sentences. But we need not even rely solely on that logical conclusion, as the order denying Appellant's post-sentence motion removed any doubt concerning the trial court's intentions. The order did not simply state that Appellant's motions were denied. It stated, "the court … already considered these arguments at the time of sentence and concluded … that a consecutive sentence is appropriate[.]" Order, 1/6/22 (single page). This fact again serves as another distinction from **Borrin**. We pointed out that the parties in **Borrin** did not file a post-sentence motion. Here, Appellant did, and the record establishes that the written sentencing order was incompatible with the trial court's oral sentence.

- 9 -

Finally, this case is unlike *Borrin* in that there is no possible ambiguity with respect to the judge's intent. Having accepted the parties' proposed length of incarceration, the only real exercise of discretion left to the trial court was whether the sentences would be concurrent or consecutive to Appellant's Potter County cases. In reviewing our *Borrin* decision, the lead opinion authored by then-Justice, now-Chief Justice, Todd stated that "the trial court should have focused on the text of the [written] order itself and construed it in its entirety according to established canons of construction." *Commonwealth. v. Borrin*, 80 A.3d 1219, 1227 (Pa. 2013) (OAJC). Here, the written sentencing order was simply silent on whether the sentence was consecutive or concurrent, not ambiguous. The contemporaneous orders from sentencing establish that the trial court intended Appellant to serve consecutive sentences.

Having concluded that the March 16, 2022 order was a proper exercise of the trial court's inherent authority to conform the record to the trial court's intended sentence, a matter that is sufficiently established by the certified record, we are constrained to quash the appeal. As we have explained, an appeal properly lies only from the judgment of sentence. We are authorized only to determine whether the order resentenced Appellant; if so, we must vacate and direct the court to reinstate the original sentence. We cannot treat that order as if it revived any issues preserved for direct appellate review.

Because we find that this order merely clarified the sentence, it is an interlocutory order not appealable as of right.[6]

Appeals quashed. Petition to withdraw denied as moot.

Judge Lazarus joins this memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2023

---

[6] While an appeal from a judgment of sentence made final by the denial of post-sentence motions is the most common type of order appealed in a criminal matter, we acknowledge that appeals may be taken from four general categories: "1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order." **Commonwealth v. Parker**, 173 A.3d 294, 296 (Pa, Super. 2017). Appellant does not argue that this order falls within any of the other categories, and we note that the order is not an appealable interlocutory or collateral order under Pa.R.A.P. 311 and Pa.R.A.P. 313. Additionally, Appellant did not seek permission to appeal. **See** 42 Pa.C.S. § 702(b).